[Crim. No. 5648.   Second Dist., Div. One.   May 9, 1956.]

In re GLORIA DEAN CHAPMAN, on Habeas Corpus.

Brown & Ayers for Applicant.

Harold W. Kennedy, County Counsel, and David D. Mix, Deputy County Counsel, for Respondent.

S. W. Spizer for Real Party in Interest.

FOURT, J.—This is an application for relief under habeas corpus from a commitment of the petitioner on a judgment finding her guilty of contempt of court.

The charges arose out of a divorce action. Petitioner herein filed a complaint in divorce against Marvin A. Chapman on or about July 27, 1955. An order to show cause was issued and at a hearing thereon the husband was ordered restrained from annoying, harassing or molesting the wife in any manner. The husband made no appearance at the divorce trial on September 28, 1955, and the court granted an interlocutory decree of divorce to the wife wherein, among other things, the court awarded the four minor children of the parties to the wife, ordered the husband to pay support and maintenance for the children, and the wife's attorney's fees. The husband was restrained substantially as under the previous order. On October 3, 1955, an interlocutory judgment of divorce was signed and filed on October 4, 1955.

The husband, on or about February 9, 1956, executed an affidavit for an order to show cause *in re* modification of the interlocutory judgment of divorce. His affidavit was filed on February 14, 1956, and the court made an order on the same day directing the wife to appear and show cause why the interlocutory judgment of divorce should not be modified in respect to the custody of the children. The matter of the custody was thereafter, pursuant to a stipulation, referred to a court investigator and the cause was continued for hearing. On March 28, 1956, the date to which the matter was ultimately continued, the attorneys for the parties stipulated in writing that "the above entitled cause may be tried by Francis A. Cochran, an attorney, and member of the bar of this state in accordance with the constitutional provisions." The selection of Cochran as judge pro tempore was approved and ordered by the judge of Department 8 of the superior court. The cause was then transferred to Department 8b for hearing. Testimony was taken and the judge pro tempore ordered that the interlocutory decree of divorce be modified so as to provide that the custody of the minor children be awarded to the husband, the wife to have the right to reasonable visitations. The wife was ordered to deliver the four minor children to the husband on or before April 5, 1956.

On April 9, 1956, the husband made an affidavit, the substance of which is that the wife would not deliver the children to him nor tell where the children were nor permit him to have them; that she would go to jail first before she would tell where the children were. An order to show cause was signed by the judge of Department 8 on April 10, 1956, wherein the wife was directed to appear before the court in Department 8 on the 19th of April, 1956, at 1:45 o'clock p. m., then and there to show cause why she should not be adjudged guilty of contempt of court and punished accordingly for wilfully disobeying the order of March 28, 1956.

On April 19, 1956, the matter of the contempt proceedings of the wife was apparently transferred to Department 8b, although there is no minute order in the file so indicating. The minutes of Department 8b recite that at 3:15 o'clock p. m. the parties and their attorneys were present and testimony was taken before Francis A. Cochran, judge pro tempore. The minutes further set forth that the court found that the wife wilfully refused to deliver the children to the husband or to tell him of their whereabouts in accordance with the order theretofore made; that she has the ability to comply and wilfully refuses to do so. She was found guilty of contempt and sentenced to be confined in the county jail until she complies with the order by causing the children to be delivered to the husband. She was remanded to the sheriff to commence sentence forthwith. The commitment to the county jail was signed April 19, 1956, by Francis A. Cochran, judge pro tempore.

The wife, petitioner here, thereupon applied for a writ of habeas corpus. At the time of the hearing it was stipulated that the petition might be deemed a traverse.

The record does not indicate that there was any stipulation of the parties or their attorneys that Commissioner Cochran could act as a judge pro tempore to hear the contempt proceedings; neither is there any order of any judge in the record wherein Commissioner Cochran was appointed as a judge pro tempore to hear the contempt proceedings.

It was said in *In re Lake*, 65 Cal.App. 420, at pages 423-425 [224 P. 126]: "The statute, section 1222 of the Code of Civil Procedure, declares that the judgment in cases of contempt is final and conclusive. Thus, one who has been adjudged guilty of contempt has but two remedies—*habeas corpus* and *certiorari*. The scope of the inquiry which the court can make upon either *habeas corpus* or *certiorari* is precisely the same. (Citing cases.) While neither writ is

one of error, both extend to the entire record of the court below and to the evidence itself when necessary to determine jurisdiction. (*Hotaling* v. *Superior Court*, 191 Cal. 501 [29 A.L.R. 127, 217 P. 73, 75].) This inquiry, of course, cannot go beyond the question of jurisdiction and the review of the evidence is limited to the sole purpose of determining, first, whether jurisdiction existed; and, second, whether jurisdiction was exceeded. Thus, where the question is whether jurisdictional facts were or were not proved, the review extends not only to the entire record but to the evidence itself. (Citing cases.)

■ " ' . . . A contempt proceeding is not a civil action either at law or in equity . . ., but is a separate proceeding of a criminal nature and summary character (citing cases), in which the court exercises but a limited jurisdiction. . . . The proceeding is of such a distinctly criminal nature that a mere preponderance of evidence is insufficient.' Following this statement of principles the court then announces the rule in such clear and succinct language that we can do no better than quote it in full: 'While the writ of *certiorari* is not a writ of error, it nevertheless extends to the whole of the record of the court below and even to the evidence itself where necessary to determine jurisdiction. (Citing cases.) *In reviewing this proceeding, the charge, the evidence, the findings and the judgment are all to be strictly construed in favor of the accused (Schwartz v. Superior Court, supra* [111 Cal. 106 (43 P. 580)]), *and no intendments or presumptions can be indulged in aid of their sufficiency.* (*Frowley* v. *Superior Court, supra* [158 Cal. 220 (110 P. 817)].) *If the record* of the proceedings, reviewed in the light of the foregoing rules, *fails to show affirmatively upon its face* the existence of all the necessary facts upon which jurisdiction depended, the order must be annulled. (Citing cases.)' "

■ It is at once apparent in this case that Commissioner Cochran was not acting as a judge pro tempore by stipulation or appointment and consequently was entirely without jurisdiction to make the order that the wife be committed to jail.

For the reasons given the order of commitment is annulled and the petitioner discharged.

White, P. J., and Doran, J., concurred.