[Crim. No. 5996. Second Dist., Div. Two. Aug. 5, 1957.]

In re JUDITH E. WALES, on Habeas Corpus.

Barbara Warner, Warner & Sutton and Caryl Warner for Petitioner.

Harold W. Kennedy, County Counsel (Los Angeles), and Robert C. Lynch, Deputy County Counsel, for Respondent.

Hastings & Lasker and Edward Lasker for Real Party in Interest.

RICHARDS, J. pro tem.*—In this habeas corpus proceeding, the controlling question is whether an attorney regularly selected as a judge pro tempore in a pending action to hear certain contempt proceedings is empowered by virtue of such selection to act as a judge pro tempore in a subsequent and separate contempt proceeding in the same action.

On March 13, 1957, there were pending in a divorce action two orders directing petitioner to show cause why she should not be found in contempt for the alleged violation of visitorial orders, and her application for attorney's fees. At that time it was stipulated in writing "That the above entitled cause may be tried by C. Clinton Clad, an attorney and member of the Bar of this state, in accordance with Art. VI, Sec. 5 of the Constitution of the State of California." His selection as a judge pro tempore was approved and ordered by the court. Mr. Clad is one of the court commissioners of Los Angeles County. Upon the transfer of the pending matters to him, and pursuant to a stipulation of counsel for the parties, he made an order "that both of the parties are restrained from coming within 100 yards of each others residence for a period of 30 days" and thereupon continued the pending matters until a subsequent date. By an order dated May 7, 1957, the petitioner was directed to show cause why she should not be adjudged guilty of contempt for several alleged violations of the order dated March 13, 1957. The matter was transferred to Commissioner Clad for hearing without any further stipulation or order that he be appointed as a judge pro tempore. The petitioner was found in contempt and sentenced to four days in the county jail and the sentence was suspended on condition that she thereafter comply with the order of March 13, 1957. On July 2, 1957, Commissioner Clad revoked the suspension of execution and ordered the petitioner remanded after a 24-hour stay of execu-

*Assigned by Chairman of Judicial Council.

tion and signed a written commitment based upon his previous order finding petitioner in contempt for a violation of the order of March 13, 1957.

 Unquestionably the authority of a judge pro tempore, regularly selected and appointed pursuant to article VI, section 5 of the Constitution, as to the cause in which he is appointed continues until its final disposition. (*Anderson* v. *Bledsoe*, 139 Cal.App. 650 [34 P.2d 760].) However, a contempt proceeding is not a civil action, either at law or in equity, but is a separate proceeding of a criminal nature (*Hotaling* v. *Superior Court*, 191 Cal. 501, 504 [217 P. 73, 29 A.L.R. 127]; *In re DuBois*, 120 Cal.App.2d 890, 892 [262 P.2d 340]; *Bailey* v. *Superior Court*, 142 Cal.App.2d 47, 53 [297 P.2d 795]) notwithstanding the recognized practice to prosecute the contempt in the cause or proceeding out of which it arose, and not as a separate proceeding with a title of its own. (*Ex parte Ah Men*, 77 Cal. 198, 200 [19 P. 380, 11 Am.St.Rep. 263]; *Mitchell* v. *Superior Court*, 163 Cal. 423, 426 [125 P. 1061].)

 Commissioner Clad, not having been selected and appointed as a judge pro tempore to hear the particular contempt proceeding (based upon the order to show cause dated May 7, 1957) was without authority to make the order of commitment, notwithstanding his previous selection and appointment as a judge pro tempore to hear other contempt proceedings. (*In re Chapman*, 141 Cal.App.2d 387, 390 [295 P.2d 573].)

The order of commitment is annulled and the petitioner discharged.

Fox, Acting P. J., and Ashburn, J., concurred.