[Civ. No. 26679.   Second Dist., Div. Two.   Apr. 22, 1963.]

BEATRICE MAE MARTIN, Plaintiff and Appellant, v. JOHN F. MARTIN, Defendant and Respondent.

Richard Sinsheimer for Plaintiff and Appellant.

Stanley N. Gleis and Robert Ferguson for Defendant and Respondent.

ASHBURN, J.—Plaintiff appeals from order denying her motion to vacate order modifying a previous custody order concerning the child of the parties to this divorce action. The appeal is based upon the fact that the order was made by Otho G. Lord, a commissioner of the superior court, sitting as judge pro tempore, and the further fact that the parties did not stipulate to his so acting.

The record is sketchy and while it does show that neither appellant nor her attorney made any oral or written stipulation pursuant to rule 532 of California Rules of Court* that Commissioner Lord should act as judge pro tempore, it also shows (through the original superior court file which we have before us) that he had been appointed so to do pursuant to subdivision 4 of section 259a, Code of Civil Procedure, which says that every court commissioner of a city or city and county having a population of 900,000 or more (Los Angeles) shall, "in addition to the powers and duties contained in Section 259 of this code, have power: . . . 4. To act as judge pro tempore when otherwise qualified so to act and when appointed for that purpose; provided, that while acting as such he shall receive no compensation therefor other than his compensation as commissioner." The order assigning Commissioner Lord to hear the matter was made by Judge William E. Fox on December 1, 1961, and reads: "Transferred to Department 'B' for hearing before Hon. Otho G. Lord, who is appointed to sit as judge pro tempore by assignment." It affirmatively appears that Commissioner Lord was acting pursuant to such appointment on December 1, and on December 6, the day his order was made.

Respondent challenges the appealability of the order refusing to vacate, relying upon the general rule thus stated in *Spellens* v. *Spellens,* 49 Cal.2d 210, 228 [317 P.2d 613]: "Even where there is a right of appeal from a judgment or order, a party cannot ordinarily take an appeal from a subsequent order denying a motion to vacate the judgment or order complained of, under such circumstances that the motion merely calls upon the court to repeat or overrule the former

*Formerly Rules for the Municipal Courts, rule 31.

ruling on the same facts. And if the grounds upon which the parties seek to have a judgment vacated existed before the entry of the judgment and would have been available on an appeal from the judgment, an appeal will not lie from an order refusing the motion. The party aggrieved by a judgment or order must take his appeal from such judgment or order itself, if an appeal therefrom is authorized by statute, and not from a subsequent order refusing to set it aside."

■ There is a limitation upon this rule, however, which is explained in *In re Yoder,* 199 Cal. 699, 702-703 [251 P. 205] as follows : "Though the general rule is that an appeal does not lie from an order denying a motion to vacate a judgment where 'the motion merely calls upon the court to repeat or overrule the former ruling on the same facts' (2 Cal.Jur. 164, § 30 et seq.), nevertheless there are certain well-defined exceptions to said rule, and such an order is appealable where the circumstances are such that 'an appeal from the first order would be vain for lack of a record showing the rights of the aggrieved party.' (2 Cal.Jur. 167, § 31 et seq.)" To the same effect are *Valentin* v. *Valentin,* 93 Cal.App.2d 588, 592 [209 P.2d 654] ; *Hall* v. *Imperial Water Co.,* 200 Cal. 77, 80 [251 P. 912] ; *Kent* v. *Williams,* 146 Cal. 3, 11 [79 P. 527] ; *Hilliker* v. *Board of Trustees,* 91 Cal.App. 521, 526 [267 P. 367].

■ The clerk's minutes of December 1 and December 6, 1961, show that there was a court reporter present at the hearings held before Commissioner Lord on those dates and that numerous witnesses testified. The clerk's minutes are presumed to be correct, and the losing party could have had a complete record of all the evidence and other proceedings had she pursued the matter, but no reporter's transcript was prepared. Hence we do not have a case falling within the rule of *In re Yoder, supra,* but one to which the *Spellens* rule applies. From this it follows that the order refusing to vacate the Lord order is not appealable.

Appeal dismissed.

Fox, P. J., and Herndon, J., concurred.