[Crim. No. 13547. In Bank. Oct. 24, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. ROLAND TIJERINA, Defendant and Appellant.

## COUNSEL

Richard H. Levin, under appointment by the Supreme Court, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Mark A. Ivener, Deputy Attorney General, for Plaintiff and Respondent.

John D. Maharg, County Counsel, Edward H. Gaylord, Assistant County Counsel, and Jean Louise Webster, Deputy County Counsel, as Amici Curiae on behalf of Plaintiff and Respondent.

## OPINION

TRAYNOR, C. J.—In these appeals defendant challenges judgments and orders entered against him in three cases on January 31, 1968. A court commissioner acted as a temporary judge[1] in all three cases. In No. A-220328 and No. A-226235 the commissioner acted pursuant to stipulation of defendant and counsel and appointment by the court, and no contention is made that he was not empowered to act in those cases. In No. 307540, however, no stipulation was entered into authorizing the commissioner to act, and his order revoking probation in that case is challenged on that ground.

In No. A-220328 defendant was found guilty of grand theft (Pen. Code, § 487, subd. 1) and sentenced to prison for the term prescribed by law. He appeals from the judgment.

By stipulation the case was submitted on the transcript of the preliminary hearing. Joe Mena, a security agent for the Broadway Department Store, was told that on several successive Monday nights between 7:30 and 8 a person entered the store with a box on his head or on his shoulders. On Monday evening, March 27, 1967, Mena saw defendant walk through the store and use a stairway marked "Employees Only." Mena alerted his partner, Walter Johnson. About 35 minutes later they saw defendant leaving the store with a large box on his head. As they followed, defendant looked back in their direction, dropped the box, and started to run. After a three or four minute chase, Mena and Johnson caught him. The box contained 46 packages of men's undershorts priced at $5 a package, 2 sweaters priced at

---

[1] Article VI of the California Constitution was amended in 1966 to substitute the phrase "temporary judge" for "judge pro tempore." (§21 superseding former §5; see Proposed Revision (1966), Cal. Constitution Revision Com., p. 98; 1967 Report of Judicial Council, pp. 89-90.)

$20 each, and one sweater priced at $16.99. The box also contained 13 men's sport shirts and 17 packages of undershorts, the price of which does not appear.

Defendant contends that the retail price of the property does not establish its "reasonable and fair market value" (Pen. Code, § 484) and that the evidence is therefore insufficient to support a conviction of grand theft for the taking of property worth more than $200. (Pen. Code, § 487, subd. 1.) ▮ In the absence of proof, however, that the price charged by a retail store from which merchandise is stolen does not accurately reflect the value of the merchandise in the retail market, that price is sufficient to establish the value of the merchandise within the meaning of sections 484 and 487. (*People* v. *Cook* (1965) 233 Cal.App.2d 435, 438 [43 Cal.Rptr. 646].)

▮ Defendant also contends that the evidence is insufficient to establish that the merchandise was taken without the consent of the department store. There is no merit in this contention. One of the security officers testified that he was informed when someone had permission to remove merchandise and that he had not been told that defendant had such permission. Moreover, the manner of the taking, defendant's dropping the box on being discovered, his flight, and the absence of a sales slip are also evidence of lack of consent.

▮ Defendant asserts that his waiver of the right to a jury trial was ineffective, on the ground that he was not told that a jury's verdict must be unanimous. Defendant was represented by an attorney at both the preliminary hearing and at the trial, and he was carefully questioned before his waiver of a jury trial was accepted.[2] He stated that he knew what a jury trial was, and he was also told that "That is when twelve people sit over

---

[2]"MISS FRIEDENBERG [Deputy District Attorney]: Mr. Tijerina, you understand that in this case now before the Court, No. A 220328, you're entitled to a jury trial to determine your guilt or innocence in this matter, and you're also entitled to a jury trial to determine whether the prior felony convictions that have been alleged are true or false; do you understand that?

"THE DEFENDANT: Yes.

"MISS FRIEDENBERG: Do you know what a jury trial is?

"THE DEFENDANT: Yes, ma'am.

"MISS FRIEDENBERG: That is when twelve people sit over here in the box and hear all the evidence.

"You can give up your right to the jury trial and have the judge sitting alone determine all the issues in this case. What is your desire? Do you want a court trial or a jury trial?

"THE DEFENDANT: Court trial.

"MISS FRIEDENBERG: All right. You waive your right to jury trial at this time on all the issues?

"THE DEFENDANT: Yes.

"MRS. KIPPEN [Deputy Public Defender]: Join in the waiver.

"MISS FRIEDENBERG: People join in the waiver.

"Mr. Tijerina, it has also been suggested that we submit the case, particularly with regard to count 2, [the grand theft charge] on the basis of the testimony that

here in the box and hear all the evidence." Under these circumstances, the court was not required to explain further to defendant the significance of his waiver of a jury trial. (*People* v. *Langdon* (1959) 52 Cal.2d 425, 432 [341 P.2d 303]; *People* v. *Golston* (1962) 58 Cal.2d 535, 538-539 [25 Cal.Rptr. 83, 375 P.2d 51]; *People* v. *Lookadoo* (1967) 66 Cal.2d 307, 311 [57 Cal.Rptr. 608, 425 P.2d 208].)

In No. A-226235 defendant was found guilty of petty theft with a prior conviction of a felony. (Pen. Code, § 667.) His motion for a new trial was denied, and he was sentenced to prison for the term prescribed by law. He appeals from the order denying his motion for new trial and from the judgment. The appeal from the order must be dismissed. (*People* v. *Ing* (1967) 65 Cal.2d 603, 614 [55 Cal.Rptr. 902, 422 P.2d 590]; Pen. Code, § 1237.)

By stipulation the case was submitted on the transcript of the preliminary hearing and the superior court file of the prior conviction (No. 307540) of an assault with a deadly weapon. (Pen. Code, § 245.)

Shortly after the closing hour on October 12, 1967, a saleslady at the J. W. Robinson Department Store saw defendant looking at merchandise. The next day a pile of merchandise was discovered by a store detective on a platform next to a stairway restricted to emergency use by employees. A stake-out was ordered. Shortly after noon, defendant arrived, took a paper bag from his pocket and put a cashmere coat from the pile of merchandise into the bag. He was apprehended in the store. He did not have a sales slip for the coat, which was on sale for $88, and he had not been given permission to take it or any of the merchandise in the pile.

Defendant claims that he did not effectively waive his right to a jury trial. He personally waived his right to a jury trial in this case the day after he waived his right to a jury trial in No. A-220328. Although the inquiry at the time of the waiver was more limited[3] than that in No. A-220328, our holding in that case also applies here.

---

was given at the preliminary hearing. Do you remember being present at the pre-liminary hearing?

"THE DEFENDANT: Yes.

"MISS FRIEDENBERG: You remember your atttorney cross-examining the witnesses who testified against you?

"THE DEFENDANT: Yes, I do.

"MISS FRIEDENBERG: Now if we submit it to the judge on the transcript, this means he just reads the testimony of the witnesses who testified and considers that evidence in arriving at his decision. Is this procedure agreeable with you?

"THE DEFENDANT: Yes, it is.

"MISS FRIEDENBERG: This means that the witnesses won't again come into court and be sworn and testify.

"THE DEFENDANT: Yes.

"MISS FRIEDENBERG: All right."

[3]"THE COURT: Commissioner Coleman is available for the trial of this case.

Mr. Tijerina, do you waive your right to a jury trial and consent to be tried by Commissioner Coleman rather than by a jury?

 Defendant contends that section 667 of the Penal Code,[4] is unconstitutional in providing for an increased penalty based on a prior felony conviction. It is settled, however, that section 667 and similar statutes are not unconstitutional. (*People* v. *Dutton* (1937) 9 Cal.2d 505, 507 [71 P.2d 218]; *People* v. *Biggs* (1937) 9 Cal.2d 508, 512 [71 P.2d 214, 116 A.L.R. 205]; *People* v. *Quiel* (1945) 68 Cal.App.2d 674, 680 [157 P.2d 446]; *People* v. *Collins* (1959) 172 Cal.App.2d 295, 301 [342 P.2d 370].)

 Defendant maintains that the theft was not complete, on the ground that he did not succeed in removing the coat from the store. Unlike the defendant in *People* v. *Meyer* (1888) 75 Cal. 383 [17 P. 431], who attempted to steal an overcoat that was chained to a clothing store dummy, defendant reduced the cashmere coat to his possession. His subsequent failure to remove the coat from the store did not render the theft incomplete. (*People* v. *Quiel, supra,* 68 Cal.App.2d 674, 679; *People* v. *Dukes* (1936) 16 Cal.App.2d 105, 108-109 [60 P.2d 197].)

In No. 307540 defendant pleaded guilty to assault with a deadly weapon (Pen. Code, § 245). On March 28, 1966, he was sentenced to prison for the term prescribed by law, but execution of sentence was suspended and he was placed on probation for two years on condition that he spend the first 90 days in jail. As pointed out above, the file in this case was presented to the commissioner on January 31, 1968, to prove defendant's prior conviction as an element of the crime charged in No. A-226235. Defendant does not challenge the 1966 judgment or the order granting probation in No. 307540. His attack is on the commissioner's revocation of probation in that case. Defendant requested a continuance of three to four weeks to obtain private counsel to represent him in the probation revocation proceedings. The temporary judge denied the motion for continuance, revoked probation, and ordered into effect the original 1966 sentence of imprisonment

---

"THE DEFENDANT: Yes, your Honor.
"THE COURT: You are entitled to have a judge of the Superior Court preside over your court trial. Do you waive that right and consent that the commissioner, Commissioner Coleman, hear the matter rather than a Superior Court judge?
"THE DEFENDANT: Yes.
"MR. FISCHER [Deputy Public Defender]: Counsel waives, also.
"THE COURT: People waive?
"MR. GERAGOS [Deputy District Attorney]: Yes, I will waive and join in that stipulation.
"THE COURT: This is going to be submitted on the transcript?
"MR. FISCHER: Yes, your Honor.
"THE COURT: No additional testimony?
"MR. FISCHER: No."

[4]"Every person who, having been convicted of any felony either in this State or elsewhere, and having served a term therefor in any penal institution or having been imprisoned therein as a condition of probation for such offense, commits petty theft after such conviction, is punishable therefor by imprisonment in the county jail not exceeding one year or in the State prison not exceeding five years."

in the state prison for the term prescribed by law. ■ The order is erroneously labelled a judgment, and defendant's notice of appeal states that it is from the judgment entered against him in No. 307540 on January 31, 1968. The order is .appealable, however, as an "order made after judgment, affecting the substantial rights of the party" (Pen. Code, § 1237, subd. 3, now subd. 2), and defendant's notice of appeal will be construed to refer to it. (*People* v. *Robinson* (1954) 43 Cal.2d 143, 145 [271 P.2d 872].)

■ Defendant contends that the order is void on the ground that no stipulation was entered into permitting the commissioner to act as a temporary judge in the case in which it was entered. We agree with this contention.

As revised in 1966, section 21 of article VI of the California Constitution provides:

"On stipulation of the parties litigant the court may order a cause to be tried by a temporary judge who is. a member of the State Bar, sworn and empowered to act until final determination of the cause."

■ The purpose of the Constitution Revision Commission in proposing this revision was to restate the substance of the existing section (then art. VI, § 5)[5] concisely in modern terms (see Proposed Revision, *supra*, fn. 1, p. 98; *Estate of Soforenko* (1968) 260 Cal.App.2d 765, 766 [67 Cal.Rptr. 563]) and to extend the authority to use temporary judges to justice courts. (See 1967 Judicial Council Report, p. 89.) ■ Both before and after the 1966 revision of article VI, however, a stipulation of the parties was constitutionally required for one not occupying the office of judge to serve as a temporary judge. (*In re Chapman* (1956) 141 Cal. App.2d 387, 390 [295 P.2d 573]; *In re Wales* (1957) 153 Cal.App.2d 117, 119 [315 P.2d 433].) To the extent that *Martin* v. *Martin* (1963) 215 Cal.App.2d 338, 339 [30 Cal.Rptr. 293], is to the contrary, it is disapproved.

■ There is nothing in Code of Civil Procedure section 259a, subdivision 4 or in rule 244[6] of the California Rules of Court contrary to

[5]Section 5 of article VI, as it read prior to 1966, provided:
"Upon stipulation of the parties litigant or their attorneys of record a cause in the superior court or in a municipal court may be tried by a judge pro tempore who must be a member of the bar sworn to try the cause, and who shall be empowered to act in such capacity in the cause tried before him until the final determination thereof. The selection of such judge pro tempore shall be subject to the approval and order of the court in which said cause is pending and shall also be subject to such regulations and orders as may be prescribed by the Judicial Council."

[6]Rule 244. Selection, qualification and trial by judge pro tempore.
"(a) The stipulation of parties litigant that a case may be tried by a judge pro tempore shall be in writing and shall set out in full the name and office address of the member of the State Bar agreed upon to act as judge pro tempore, and shall be

our conclusion herein. Subdivision 4 of section 259a authorizes any court commissioner in Los Angeles County to act as a temporary judge "when otherwise qualified so to act and when appointed for that purpose." Rule 244 sets forth the procedure for appointing a member of the State Bar to act as a temporary judge and excepts from its requirements the selection of a court commissioner to act as a temporary judge. Neither the rule nor the statute purports to authorize a court commissioner to act as a temporary judge if he is not "otherwise qualified so to act," and in the absence of a stipulation of the parties, he is not so qualified.

Since there was no stipulation authorizing the commissioner to act as a temporary judge in No. 307540, the order revoking probation must be reversed, and since defendant's probationary period expired on March 28, 1968, no order of revocation can now be made (*In re Griffin* (1967) 67 Cal.2d 343, 346-347 [62 Cal.Rptr. 1, 431 P.2d 625].)

In No. 307540, the order revoking probation is reversed.

In No. A-220328, the judgment is affirmed.

In No. A-226235, the appeal from the order denying a new trial is dismissed, and the judgment is affirmed.

McComb, J., Peters, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.

---

submitted to the presiding judge, or to the judge in whose department the case is pending in courts which do not have a presiding judge. If the member of the State Bar agreed upon consents so to act and if his selection is approved by the judge, the approval and order designating the person selected as judge pro tempore shall be endorsed upon the stipulation, which shall thereupon be filed. The judge pro tempore so selected shall take and subscribe the oath of office, which shall be attached to the stipulation and order of approval, and the case shall thereupon be assigned to said judge pro tempore for trial. At any time after the filing of the oath, the judge pro tempore may proceed with the hearing, trial and determination of the case.

"(b) Subdivision (a) of this rule does not apply to the selection of a court commissioner to act as a judge pro tempore."