Opinion
KATZ, J.
The order forfeiting bail was made by a commissioner purporting to act as a temporary judge, Since there was no stipulation authorizing him to so act (People v. Tijerina (1969) 1 Cal.3d 41 [81 Cal.Rptr. 264, 459 P.2d 680]), this appeal presents the question of *Supp. 3 whether a commissioner in his capacity as such may forfeit the bail of a nonappearing defendant in a criminal case. Neither party has briefed the question.
Preliminarily, it must be noted that the order denying appellant’s motion to set aside the forfeiture was also made by the commissioner acting without a stipulation. However, appellant, who was represented by an attorney, raised no objection to the commissioner hearing its motion, arid its attorney willingly participated in the hearing. “[Tjhis deportment on the part of appellant’s attorney . . . [was] tantamount to a stipulation that the matter could be heard by the commissioner.” (Estate of Soforenko (1968) 260 Cal.App.2d 765 [67 Cal.Rptr. 563].) People v. Tijerina, supra, is distinguishable since the defendant-appellant therein did not initiate the hearing for revocation of probation and was not a willing participant in the hearing, having requested and been denied a continuance to obtain counsel to represent him in the revocation proceedings.[1]
Article VI, section 22 of the California State Constitution provides that, “The Legislature may provide for the appointment by trial courts of record of officers such as commissioners to perform subordinate judicial duties.” If authorized by the Legislature to do so, we entertain no doubt that forfeiture of the bail of a nonappearing defendant by a commissioner is the performance of a “subordinate” judicial duty. It is said in People v. Resolute Ins. Co. (1968) 259 Cal.App.2d 633 at p. 637 [66 Cal.Rptr. 421]: “Upon nonappearance of the defendant, his surety becomes liable by operation of the statute, and the court’s action in recording the essential fact is ministerial and mandatory.”
The powers and duties of a municipal court commissioner in Los Angeles County are set forth in section 72190.1 of the Government Code and section 259a of the Code of Civil Procedure. The Government Code empowers a commissioner to conduct arraignment proceedings. Section 259a of the Code of Civil Procedure authorizes him 1) “To hear and determine ex parte motions,” and 6) “. . . to hear, report on and determine all uncontested actions and proceedings.” Ex parte orders within subdivision 1 have been held to include an order requiring a judgment debtor to appear and answer concerning his property (Lewis v. Neblett (1961) 188 Cal.App.2d 290 [10 Cal.Rptr. 441]), and an order approving a probate claim (Estate of Roberts (1942) 49 Cal.App.2d 71 [120 P.2d 933]), while uncontested actions and proceedings within subdivision 6 *Supp. 4 have been held to embrace default cases (West v. U.L.C. Corp. (1965) 232 Cal.App.2d 85 [42 Cal.Rptr. 603]), trials wherein a party absents himself and the trial proceeds pursuant to section 594 of the Code of Civil Procedure (Bill Benson Motors, Inc. v. Macmorris Sales Corp. (1965) 238 Cal.App.2d Supp. 937 [48 Cal.Rptr. 123] and judgments upon stipulation (People v. Superior Court (1965) 239 Cal.App.2d 99 [48 Cal.Rptr. 445]).
We regard the forfeiture of bail of a nonappearing defendant in a criminal case as an ex parte order. Section 1305 of the Penal Code provides that “If, without sufficient excuse, the defendant neglects to appear . . ., the court shall direct the fact to be entered upon its minutes and the undertaking of bail . . . shall thereupon be declared forfeited.” It, in effect, requires the court to act on its own motion without notice to the defendant, his surety or the People, and, as noted, the court’s action consists solely of recording the unexcused nonappearance of the defendant, which action is “ministerial and mandatory.” (People v. Burton (1956) 146 Cal.App.2d Supp. 878, 883 [305 P.2d 302].) Since “forfeiture of bail is an independent collateral matter, civil in nature,” (People v. Wilcox (1960) 53 Cal.2d 651, 654 [2 Cal.Rptr. 754, 349 P.2d 522, 78 A.L.R.2d 1174]) when, as here, no excuse is offered for' the nonappearance, it also appears to be an uncontested proceeding, We conclude, therefore, that the commissioner in this case was authorized to forfeit bail and that the order denying appellant’s motion to set aside the forfeiture should be and is affirmed. Respondent to recover its costs on appeal.
Whyte, P. J., and Zack, J., concurred.

It is noteworthy that the California Supreme Court was aware of the decision in Soforenko, having cited the case in its opinion, and did not disapprove it as it did Martin v. Martin (1963) 215 Cal.App.2d 338 [30 Cal.Rptr. 293].