[Civ. No. 44530. Second Dist., Div. One. May 13, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
SURETY INSURANCE COMPANY OF CALIFORNIA et al.,
Defendants and Appellants.

**COUNSEL**

Lester M. Fleischner and Howard Meyerson for Defendants and Appellants.

Joseph P. Busch, District Attorney, Donald J. Kaplan and Eugene D. Tavris, Deputy District Attorneys, for Plaintiff and Respondent.

## OPINION

LILLIE, Acting P. J.— ■ Each appellant posted a bond of $2,500 to permit defendant Johnny Valentine, charged with a violation of section 11352, Health and Safety Code, a felony, to be released on bail. On August 1, 1973, Valentine appeared for arraignment and plea before Abraham Gorenfeld, a superior court commissioner acting as judge pro tem. On Valentine's request Gorenfeld granted a continuance until August 15, 1973, on which date Valentine failed to appear, and Gorenfeld entered the following minute order, "Defendant fails to appear without sufficient excuse. Bail forfeited." Subsequently the court notified each appellant that the bond it had posted was forfeited. Appellants then moved to vacate the order declaring forfeiture and to exonerate the bonds posted on behalf of Valentine. The motions were denied by Judge Bernard Lawler. Appeal is taken from the orders.

Appellants do not here challenge the merits of the order of forfeiture of bail bonds following Valentine's nonappearance; they do contend that the order was void because it was made by Gorenfeld acting as a judge pro tem. They concede that he was a court commissioner who by stipulation of the parties can be invested with the power to act as a judge pro tempore, and that such a judge pro tem. may validly order a forfeiture of bail, but relying on *Rooney* v. *Vermont Investment Corp.,* 10 Cal.3d 351, 360 [110 Cal.Rptr. 353, 515 P.2d 297]; and *People* v. *Tijerina,* 1 Cal.3d 41, 49 [81 Cal.Rptr. 264, 459 P.2d 680], argue that in this instance Gorenfeld was not empowered to order the forfeiture because they had not entered into such a stipulation. Although the minute order reciting the declaration of forfeiture states that Gorenfeld was then acting as a "Pro Tem Judge," we find nothing in the record to indicate that appellants stipulated that he act in that capacity, and surely it can be assumed they did not because *they* made no appearance in this cause until they subsequently filed their motions to vacate. Nor is there anything in the record to show that such stipulation was entered into by defendant Valentine on his first appearance before Gorenfeld; he of course did not so stipulate at the time of the forfeiture inasmuch as then he made no appearance.

■ However, section 259a, Code of Civil Procedure provides that "[E]very court commissioner of a county . . . having a population of nine hundred thousand inhabitants or more [which we judicially note includes Los Angeles County] shall . . . have power: 1. To hear and determine ex parte motions . . . ." We construe this provision as authorizing any such

court commissioner, including one not specifically designated judge pro tempore for the proceeding, to order a forfeiture of bail because, by the very fact of the defendant's nonappearance, this function is performed ex parte.[1] In *People* v. *Surety Ins. Co.,* 18 Cal.App.3d Supp.1 [95 Cal.Rptr. 925], Surety appealed from denial of its motion to vacate an order declaring forfeiture of bail and for exoneration of the bond, and similarly argued that the order forfeiting bail was made by a commissioner purporting to act as a temporary judge and there was no stipulation so authorizing him. Unlike the cause at bench in which a superior court judge denied appellants' motions, the same commissioner who ordered the forfeiture also entered the order denying the motion to vacate. Affirming the rulings below, the appellate department of the superior court stated, "We regard the forfeiture of bail of a nonappearing defendant in a criminal case as an ex parte order. Section 1305 of the Penal Code provides that 'If, without sufficient excuse, the defendant neglects to appear . . . , the court shall direct the fact to be entered upon its minutes and the undertaking of bail . . . shall thereupon be declared forfeited.' It, in effect, requires the court to act on its own motion without notice to the defendant, his surety or the People, and, as noted, the court's action consists solely of recording[2] the unexcused nonappearance of the defendant, which action is 'ministerial and mandatory,' (*People* v. *Burton* (1956) 146 Cal.App.2d Supp. 878, 883 [305 P.2d 302].) Since 'forfeiture of bail is an independent collateral matter, civil in nature,' (*People* v. *Wilcox* (1960) 53 Cal.2d 651, 654 [2 Cal.Rptr. 754, 349 P.2d 522, 78 A.L.R.2d 1174]) when, as here, no excuse is offered for the nonappearance, it also appears to be an uncontested proceeding. We conclude, therefore, that the commissioner in this case was authorized to forfeit bail and that the order denying appellant's motion to set aside the forfeiture should be and is affirmed." (P. 4.)

Without mentioning subdivision 1, of section 259a, Code of Civil Procedure, and its provision authorizing actions ex parte by a commissioner, appellants refer to *subdivision 6* thereof[3] and suggest that *it* could

[1]Consistently, the minute order reciting Gorenfeld's ruling shows that no party to this order (including anyone on behalf of the People) was present when it was made and entered.

[2]Had the judge himself, rather than Gorenfeld, "recorded" the forfeiture by executing the minute order relating thereto, appellants' overall position would not have been altered one iota. Clearly, therefore, they have not been prejudiced by what actually occurred.

[3]"[C]ourt commissioner . . . shall . . . have power: . . . [¶] When ordered by the court appointing him so to do, to hear, report on and determine all uncontested actions and proceedings other than actions for divorce, maintenance or annulment of marriage;"

not be applicable here to support Gorenfeld's order of forfeiture although he had acted in an "uncontested proceedings"[4] inasmuch as the record does not disclose that Gorenfeld was "ordered by the court" to declare the forfeiture. ■ We, however, construe the language of this subdivision as not intended by the Legislature to have an effect on ex parte matters separately alluded to in subdivision 1, under the established rule that a statutory provision containing a specific enumeration shall take precedence over another couched in more general language. (Cf. *Brill* v. *County of Los Angeles,* 16 Cal.2d 726, 732 [108 P.2d 443]; *Treadaway* v. *Camellia Convalescent Hospitals, Inc.,* 43 Cal.App.3d 189, 199 [118 Cal.Rptr. 341].) Moreover, even if we deem pertinent the requirement that Gorenfeld be ordered by the court to proceed with the forfeiture ruling, in the absence of anything in the record indicating that he acted without such order we are bound by the presumption that "official duty" was "regularly" performed. (§ 664, Evid. Code; *In re Lopez,* 2 Cal.3d 141, 146 [84 Cal.Rptr. 361, 465 P.2d 257]; *In re Johnson,* 62 Cal.2d 325, 330 [42 Cal.Rptr. 228, 398 P.2d 420].)

We find nothing in California Constitution, article VI, sections 21 and 22, cited by appellants, which serves to alter our determination; and the three cases cited by appellants are readily factually distinguishable. *Sarracino* v. *Superior Court,* 13 Cal.3d 1 [118 Cal.Rptr. 21, 529 P.2d 53] (appellants cite the superseded Court of Appeal opinion) holds that a defaulting husband in dissolution of marriage proceedings is bound by orders entered by a temporary judge; *Rooney* v. *Vermont Investment Corp.,* 10 Cal.3d 351 [110 Cal.Rptr. 353, 515 P.2d 29], relates to the power of a court commissioner to preside over a complete litigation and enter judgment therein particularly where the judgment incorrectly construed a stipulation entered into by the parties; and *People* v. *Tijerina,* 1 Cal.3d 41 [81 Cal.Rptr. 264, 459 P.2d 680], pertains to the revocation of probation by a commissioner—clearly not an ex parte proceeding. *Tijerina* is distinguished in *People* v. *Surety Ins. Co.,* 18 Cal.App.3d Supp. 1, at page 3 [95 Cal.Rptr. 925].

Although appellants suggest that Gorenfeld would not have been authorized to preside over Valentine's actual arraignment and plea proceedings in the absence of proof in the record that Valentine had

---

[4]Appellants say in their brief, "when the said defendant did not appear at the arraignment and plea proceedings, the matter devolved into an uncontested proceeding."

stipulated that he could act as judge pro tem., this issue is not before us because it could be of concern only to Valentine.

The orders are affirmed.

Thompson, J., and Hanson, J., concurred.