STATE of Minnesota, Respondent,

v.

Milburn Clifton STOUT, Appellant,

Earl Zhender, etc., et al., Additional Parties.

Nos. 48088, 48454 and 48529.

Supreme Court of Minnesota.

Oct. 27, 1978.

C. Paul Jones, Public Defender, Kathy A. King, Asst. Public Defender, Minneapolis, for appellant.

Milburn C. Stout, pro se.

Warren Spannaus, Atty. Gen., St. Paul, John O. Sonsteng, County Atty., Thomas Van Horn, Asst. County Atty., Hastings, for respondent.

**PER CURIAM.**

Defendant was found guilty by a district court jury of two charges of theft of property valued in excess of $2,500, Minn.St. 609.52, subd. 2(1) and 2(3), and was sentenced by the trial court to a single maximum term of 10 years in prison, § 609.52, subd. 3(1). On this direct appeal defendant contends that (1) the trial court erred in permitting the trial to continue in defendant's absence after he voluntarily left the state during trial, (2) the court erred in admitting certain evidence about defendant's postarrest conduct, (3) there was insufficient evidence that defendant committed any thefts, (4) the court erred in failing to give defendant credit on his sentence for time spent in an Illinois jail pending disposition of charges based on offenses defendant committed there after leaving Minnesota, and (5) the trial court erred in denying defendant a return of his bail money, which the court held defendant forfeited when he left Minnesota during the trial. We do not believe that there is merit to any of the contentions raised by defendant. However, our examination of the record reveals that the evidence was insufficient to prove that the value of the property involved exceeded $2,500; as a result the upper limit on defendant's sentence must be reduced from 10 years to 5 years. Minn.St. 609.52, subd. 3(2).

1. Defendant's first contention, relating to the continuation of his trial in his absence, is answered by Rule 26.03, subd. 1(2), Rules of Criminal Procedure, which provides as follows:

"The further progress of a trial to and including the return of the verdict shall not be prevented and the defendant shall

be considered to waive his right to be present whenever:

"1. a defendant voluntarily and without justification absents himself after trial has commenced * * *."

Defendant's contention that his voluntary absence after the start of trial could not be construed as an effective waiver unless there was something specific on the record indicating that he knew the trial would continue if he left is answered negatively by the United States Supreme Court's decision in *Taylor v. United States*, 414 U.S. 17, 94 S.Ct. 194, 30 L.Ed.2d 174 (1973).[1] There is no merit to defendant's contention that the instructions suggested to the jury that an inference of guilt could be drawn from defendant's absence. See, also, *State ex rel. Shetsky v. Utecht*, 228 Minn. 44, 36 N.W.2d 126, 6 A.L.R.2d 988 (1949).

■ 2. Defendant's second contention is that certain evidence of his postarrest conduct was erroneously admitted. The trial court overruled most of the defense objections to this evidence, and we hold that the court did not err in this. The only questionable evidence was evidence relating to threats defendant made to the police at the police station. The trial court, in chambers, chastised the prosecution for eliciting this evidence but did not believe that the evidence was prejudicial. We agree that there was no prejudice.

■ 3. Defendant's contentions about the sufficiency of the evidence all relate to whether the state sufficiently proved that he committed thefts. As we indicated, there is no merit to these contentions. However, as we also indicated, our independent examination of the record reveals that the evidence was insufficient to prove that the value of the property involved exceeded $2,500, as found by the jury.

Specifically, the owner of the store from which the property was taken testified that while the price tag on the item (a ring) was $2,995, there was a 300 percent markup and it would not have been unusual for him to sell an item of this sort for $2,400 in cash.

As we stated in *State v. McDonald*, Minn., 251 N.W.2d 705, 707 (1977)

" 'Value' for purposes of the theft statute is defined by Minn.St. 609.52, subd. 1(3), as 'the retail market value at the time of the theft.' The value of a mass-marketed item taken from a retail store is not necessarily the value of the item in the market in which the owner of the store purchased it but the value in the market in which the item was being sold. Although testimony as to the price on the price tag ordinarily would be sufficient to justify a finding that that was the retail market value of the item taken, it is not conclusive, for the price charged by the store from which the item is taken may not accurately reflect the market value of the item. *People v. Tijerina*, 1 Cal.3d 41, 81 Cal.Rptr. 264, 459 P.2d 680 (1969). A defendant is free to introduce direct and circumstantial evidence bearing on the value of the item in the retail market and thus, as here, may call other witnesses to testify that other stores sell the item for less, *Husten v. United States*, 95 F.2d 168 (8 Cir. 1938); *People v. Irrizari*, 5 N.Y.2d 142, 182 N.Y.S.2d 361, 156 N.E.2d 69 (1959); or he may introduce evidence suggesting that the item does not have much of a market any more as, for example, where an item has been on the shelf unsold for a long time. *People v. Fognini*, 374 Ill. 161, 28 N.E.2d 95 (1940)."

Here the owner judicially admitted that he would have willingly sold the ring to a willing buyer for *less* than $2,500. We hold that this admission had the effect, under the circumstances of this case and in view of all the other evidence, of precluding a finding that the value of the ring was *more* than $2,500. Accordingly, defendant's maximum sentence must be reduced to 5 years. See, Minn.St. 609.52, subd. 3(2).

■ 4. Defendant's contention relating to the deduction from his Minnesota prison

---

1. However, we think it would be a good practice for defense counsel and for trial courts to routinely inform defendants at the start of trial that voluntary absence during trial will not prevent completion of the trial.

term of time spent in jail in Illinois pending disposition of the Illinois charges is answered by Rule 27.03, subd. 4, Rules of Criminal Procedure, which reads as follows:

"When sentence is imposed the court:

"a. Shall state the precise terms of the sentence.

"b. Shall assure that the record accurately reflects *all time spent in custody in connection with the offense or behavioral incident for which sentence is imposed,* which time shall be automatically deducted from the sentence." (Italics supplied.)

The time defendant spent in jail in Illinois was not time spent in custody in connection with the Minnesota offenses. We reject defendant's contention that the Constitution requires us to credit his Minnesota sentence for the Illinois jail time under these circumstances.

 5. Defendant's final contention is that the trial court erred in denying his application for the return of forfeited bail money. There is no merit to this.

Reversed and remanded for resentencing.