[Civ. No. 68883. Second Dist., Div. Six. Dec. 14, 1983.]

E.N.W., a Minor, Plaintiff and Respondent, v.
MICHAEL W., Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*This opinion is certified for partial publication pursuant to rule 976.1 of the California Rules of Court.

**COUNSEL**

Richard E. Erwin, Public Defender, for Defendant and Appellant.

Michael D. Bradbury, District Attorney, O. Guy Frick and Ronald W. Sabo, Deputy District Attorneys, for Plaintiff and Respondent.

## OPINION

**ABBE, J.**—This is an appeal from an order denying appellant's nonstatutory motion to vacate a default judgment on jurisdictional grounds pursuant to the rule set forth in *County of Ventura* v. *Tillett* (1982) 133 Cal.App.3d 105, 110-111 [183 Cal.Rptr. 741]. We affirm.

Appellant was the defendant below in an action for paternity, child support and welfare reimbursement. Appellant never answered or otherwise appeared after personal service upon him on January 16, 1980 of the summons and complaint and notice of right to appointed counsel. His default was entered on March 12, 1980. After default hearing by a commissioner of the Ventura County Superior Court a judgment of paternity and order of child support was signed by the commissioner in April 1980. The order appointing the commissioner, which also appointed him as a temporary judge, empowered him to do everything set out in former Code of Civil Procedure section 259a.[1] To the extent pertinent here those provisions are now found in section 259 (as amended by Statutes 1980, chapter 229, sections 1 and 2 designating powers and duties of commissioners and are so referred to hereafter).

Appellant contends that: (1) hearing and determining the default judgment of paternity and child support is not a subordinate judicial duty within the meaning of the California Constitution, article VI, section 22 and, therefore, requires a determination by a judge; (2) in order to act as a temporary judge, the written stipulation of both parties is required; and (3) since appellant never appeared and there is no written stipulation of respondent, the judgment is void due to lack of jurisdiction.

Article VI, section 22 of the California Constitution states: "The Legislature may provide for the appointment by trial courts of record of officers such as commissioners to perform subordinate judicial duties." Section 259 assigns all commissioners certain duties and powers subject to court supervision. That section in pertinent parts gives commissioners the power to: "(5) Act as temporary judge when otherwise qualified so to act and when appointed for that purpose, . . . (7) Hear . . . and determine all uncontested actions and proceedings other than actions for divorce, maintenance, or annulment of marriage. . . ." Subdivision 7 of the section is dispositive here.

---

[1] All further references are to this code unless otherwise specified.

■ An action or proceeding is uncontested when no answer or opposition is filed. (*Rooney* v. *Vermont Investment Corp.* (1973) 10 Cal.3d 351, 367 [110 Cal.Rptr. 353, 515 P.2d 297].) Appellant's default having been duly entered, the action was uncontested. By failing to answer the complaint, defendant admitted the material allegations; no fact necessary to support the judgment was disputed. ■ The entry of judgment of paternity and support in accord with the allegations and prayer of the complaint was a subordinate judicial duty within the meaning of article VI, section 22. (See *People* v. *Surety Ins. Co.* (1975) 48 Cal.App.3d 123 [121 Cal.Rptr. 438].)

Assuming arguendo that a determination of paternity and child support is so fundamental that it cannot be classified as a subordinate judicial duty even in an uncontested proceeding (see, e.g., *Salas* v. *Cortez* (1979) 24 Cal.3d 22, 27-29 [154 Cal.Rptr. 529, 593 P.2d 226]), appellant was appropriately denied relief. As noted above, the commissioner who heard and determined the cause and signed the judgment was also authorized by the court to act as a temporary judge. Article VI, section 21 also provides: "*On stipulation of the parties litigant* the court may order a cause to be tried by a temporary judge. . . ." (Italics added.) Subdivision 5 of section 259 authorizes empowering commissioners as temporary judges when "otherwise qualified so to act." The stipulation of the "parties litigant" is required to so qualify the commissioner. (*People* v. *Tijerina* (1969) 1 Cal.3d 41, 49 [81 Cal.Rptr. 264, 459 P.2d 680].)

■ The commissioner was here qualified to act as a temporary judge. The stipulation that is required is that of the party or parties ". . . *who are taking part in the litigation,—those who have appeared therein.* . . ." (*Sarracino* v. *Superior Court* (1974) 13 Cal.3d 1, 6 [118 Cal.Rptr. 21, 529 P.2d 53].) As appellant had not appeared, he was not a party litigant within the meaning of section 21 of article VI and his stipulation was not required.

Appellant asserts that since the record is devoid of a written stipulation by the other party, that there is no effective stipulation by any party litigant and therefore the commissioner acted without being empowered to do so. Appellant cites no authority for this assertion and we could find none. While the better practice may well be to obtain the stipulation expressly and in writing, it is not required.

California Rules of Court, rule 244, subdivision (a), requiring among other things a written stipulation of the parties litigant for the appointment of a temporary judge, is expressly made inapplicable to the selection of a court commissioner to so act by the provisions of subdivision (b). ■ Additionally, the appearance before and submission for consideration to a temporary judge by a party litigant is a de facto stipulation sufficient to

empower a commissioner to act as a temporary judge. (See *Estate of Soferenko* (1968) 260 Cal.App.2d 765, 766 [67 Cal.Rptr. 563]; *People* v. *Oaxaca* (1974) 39 Cal.App.3d 153 [114 Cal.Rptr. 178].)

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .*

The judgment is affirmed.

Stone, P. J., and Gilbert, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 22, 1984.

---

*Intervening portions of the opinion have been deleted pursuant to court instruction. See footnote, *ante,* page 896.