STATE of Minnesota, Respondent,

v.

Richard M. DelCASTILLO, Appellant.

No. C4-86-2170.

Court of Appeals of Minnesota.

Sept. 8, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Paul B. Ahern, Froberg & Penberthy, P.A., Minnetonka, for respondent.

Jerry Strauss, Stern, Levine, Lifson Strauss, P.A., St. Louis Park, for appellant.

Heard, considered and decided by HUSPENI, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

LESLIE, Judge.

Richard M. DelCastillo appeals his conviction of driving while under the influence of alcohol in violation of Minn.Stat. § 169.-121 (1986). He cites several instances of prosecutorial misconduct and trial court errors which he claims entitles him to a new trial. We affirm.

## FACTS

On January 19, 1986 a Tonka Bay police officer on patrol in his squad car observed

a vehicle traveling in the opposite direction cross the center line. The officer turned sharply to the right to avoid a collision and immediately turned around to pursue the vehicle. He observed the vehicle weave between the center line and the fog line. The officer stopped the vehicle and observed the driver, appellant Richard Del-Castillo, exhibited indicia of intoxication. After appellant got out of his vehicle, the officer looked inside and noted a strong odor of alcohol and that the front seat and floor were wet with a liquid that smelled like beer. The officer seized a glass mug he found in the car, arrested appellant and took him to the police station.

The City of Tonka Bay charged appellant with driving under the influence of alcohol in violation of Minn.Stat. § 169.121 (Supp. 1985) and violation of the open bottle law, Minn.Stat. § 169.122 (1984). Appellant pleaded not guilty to both charges. On the day of trial the State moved to dismiss the open bottle charge and the court granted the motion.

During direct-examination, the police officer mentioned noticing a glass with liquid in it on the floor of the passenger side of the vehicle. Appellant objected and the testimony was stricken. The trial court explained that the testimony was stricken because the prosecution had failed to give a Spreigl notice to the defendant of its intention to use the evidence. The court later ruled that there was no Spreigl requirement because there is no need for a Spreigl notice for events which take place during the commission of another charged offense. The court ruled that the glass should have been admissible during the State's case in chief.

During cross-examination of appellant the prosecutor asked appellant if he had had a glass of beer in his vehicle when he was arrested. The prosecutor exhibited the glass mug while asking this question. Appellant objected, claiming the court had suppressed all evidence concerning the open bottle violation. The trial court denied the objection and stated that its earlier ruling was that the glass would not be admissible on direct-examination, but that

it would be admissible for impeachment, if warranted. The trial court allowed this question as impeachment. Appellant had testified on direct that he had drank only one glass of beer and one glass of champagne while staying at a party for two and one-half hours, and that there was no more beer available at the party when he left. The trial court reasoned that the use of the glass was proper to impeach appellant's testimony that he had no opportunity to consume beer for several hours before his arrest and his testimony as to the amount of alcohol he consumed.

At the close of the evidence, the trial court instructed the parties and the jury that closing arguments would begin at 8:30 a.m. downtown Minneapolis the following Monday. The first three days of the trial were heard in a suburban courthouse. The court explained which room number, the judge's name and that anyone unable to appear downtown that day should call the judge prior to the hearing. Everyone was present on Monday at 8:30 except appellant. The trial resumed at 9:05 a.m. without appellant. Appellant appeared during his counsel's closing argument and later explained that he was on the eighth floor of the government center all morning but that no one could direct him to the proper courtroom.

The jury returned a verdict of guilty of the offense of driving while under the influence of alcohol. Appellant moved for a new trial, a judgment of acquittal and to vacate the judgment. The trial court denied the motions and this appeal followed. Appellant claims he was denied his sixth amendment right to a fair trial due to his absence from the proceedings during closing arguments. He also claims he is entitled to a new trial due to several instances of prosecutorial misconduct.

## ISSUES

1. Was appellant denied his right to be present at trial during closing arguments?

2. Was there any prosecutorial misconduct sufficient to require a new trial?

## ANALYSIS

1. A defendant has a right to be personally present at every critical stage of his trial. *State v. Bouwman*, 354 N.W.2d 1, 8 (Minn.1984); Minn.R.Crim.P. 26.03, subd. 1. Before a criminal proceeding can take place in the absence of the accused, it must be clear that the defendant himself is intentionally abandoning a known right. *State v. Grey*, 256 N.W.2d 74, 76 (Minn.1977). Absent an effective waiver, reversal of a conviction is required unless the absence was not prejudicial beyond a reasonable doubt. *Id.* Yet, it is unnecessary for a court to require a defendant's statement on the record that he knew the trial would continue in his absence. *State v. Stout*, 273 N.W.2d 621, 623 (Minn.1978). The trial court found appellant had voluntarily and without justification absented himself from the proceedings, effectively waiving his right to be present.

■■ Appellant knew the time and location of the proceeding and did not request instructions on how to find the courtroom. Nor did he request a different time or place. The jury, the attorneys and the judge were all able to make it on time to the closing arguments. It would have been preferable for the trial court to wait for a longer period of time. However, under the circumstances, the trial court was correct in concluding appellant waived his right to be present. Furthermore, it is certain beyond a reasonable doubt that appellant's absence was not prejudicial. Appellant missed part of the closing arguments, which are not as crucial a part of the proceedings as the taking of the testimony. The trial court gave cautionary instructions to the jury regarding appellant's absence. Because the record does not establish beyond a reasonable doubt that appellant's absence had a prejudicial effect, we affirm the trial court on this issue.

2. The standard for determining whether prosecutorial misconduct requires a new trial was stated in *State v. Wahlberg*, 296 N.W.2d 408 (Minn.1980):

> Whether a new trial should be granted because of misconduct of the prosecuting attorney is governed by no fixed rules but rests within the discretion of the trial judge, who is in the best position to appraise its effect. The court's determination should be reversed on appeal only where the misconduct, viewed in the light of the whole record, appears to be inexcusable and so serious and prejudicial that defendant's right to a fair trial was denied.

*Id.* at 420.

■■ Appellant claims it was prejudicial misconduct for the prosecutor to exhibit the glass mug seized from appellant's car. Appellant objected at trial and claimed the trial court had suppressed the evidence. The court stated it had made only a limited suppression order; that the evidence could be used for impeachment purposes; and that the prosecution was properly using the evidence for impeachment. Appellant now claims there was an off-record stipulation between the parties that the container would be suppressed. The State denies the existence of the stipulation. Because there is no record of the stipulation, and both the trial court and the State denies its existence, it would be difficult for this court to enforce it.

The trial court advised the parties that the glass would be inadmissible on direct-examination but that it would be admissible for impeachment, if warranted. During direct examination, one of the police officers mentioned noticing a glass with liquid in it on the floor of appellant's car. Appellant objected and the testimony was stricken. The use of the glass was proper impeachment of appellant's earlier statements and therefore did not constitute prosecutorial misconduct.

■■ Appellant also claims two statements made during the State's opening statement were prejudicial. During his opening statement the prosecutor asked the jurors to look to the police officers' training and experience and told the jurors that they were going to hear a lot from the defense attorney about the "reasonable doubt" standard. The trial court ruled the statements were argumentative and were therefore stricken from the record.

 

Even though the prosecuting attorney's remarks were improper, they are not "so serious and prejudicial that defendant's right to a fair trial was denied." *State v. Wahlberg,* 296 N.W.2d 408, 420 (Minn. 1980); *see State v. Fader,* 358 N.W.2d 42, 46 (Minn.1984) (new trial motion denied where prosecutor argued his case during opening statement and trial court sustained objection).

## DECISION

Appellant waived his right to be present during closing arguments and the alleged prosecutorial misconduct is neither serious nor prejudicial. We affirm the trial court's denial of appellant's motion for a new trial.

Affirmed.