[Crim. No. 7110. In Bank. Oct. 9, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. CHARLES JAMES GOLSTON, Defendant and Appellant.

Fitzgerald & Davis and Morrise Davis for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and S. Clark Moore, Deputy Attorney General, for Plaintiff and Respondent.

McCOMB, J.—This is an automatic appeal from a judgment of guilty of murder in the first degree. The trier of fact fixed the punishment at death.

*Facts*: Defendant was charged with murder and pleaded not guilty. At the time of the trial defendant and his counsel waived trial by jury. The trial judge found defendant guilty of murder in the first degree. He then found that the death penalty should be imposed.

These are the questions for us to determine:

First. *Was defendant entitled to a jury trial as to the penalty phase of the case?*

*No.* On January 10, 1962, when the case was called for trial, the following occurred: "MR. MEAD [Deputy Public Defender] : Your Honor, the defendant desires to waive a trial by jury. He wishes the Court to hear the case. THE COURT: Is that true? THE DEFENDANT: Yes. THE COURT: Do you understand what that means? THE DEFENDANT: Yes, I do. THE COURT: I [sic] means that legally you have a right to have twelve citizens sit in a jury box and decide your case and that the verdict must be unanimous of all twelve of the

people. You don't have to have that kind of a trial, if you don't want it. You may have the Court try it without a jury. If you waive the jury, it means you give up your right to have a jury try the case. Is that what you wish to do? THE DEFENDANT: Yes, sir. THE COURT: Have you thought about it and considered it and that is your decision; is that right? THE DEFENDANT: Yes, that's right. THE COURT: All right. MR. MEAD: May I just also inquire, Mr. Golston, this was the decision you made by yourself; is that correct? THE DEFENDANT: That's right. MR. COMPTON: Does counsel join? MR. MEAD: I join the waiver, your Honor. MR. COMPTON: People waive. THE COURT: This case will be tried then without a jury.''

After defendant had been found guilty of first degree murder, the penalty trial began. No mention was made of a jury trial by defense counsel.

Section 190.1 of the Penal Code reads, in part: ''The guilt or innocence of every person charged with an offense for which the penalty is in the alternative death or imprisonment for life shall first be determined, without a finding as to penalty. *If such person has been found guilty of an offense punishable by life imprisonment or death,* and has been found sane on any plea of not guilty by reason of insanity, *there shall thereupon be further proceedings on the issue of penalty, and the trier of fact shall fix the penalty. . . .*

''*If the defendant was convicted by the court sitting without a jury, the trier of fact shall be the court.* If the defendant was convicted by a plea of guilty, the trier of fact shall be a jury unless a jury is waived. If the defendant was convicted by a jury, the trier of fact shall be the same jury unless, for good cause shown, the court discharges that jury in which case a new jury shall be drawn to determine the issue of penalty.'' (Italics added.)

The statute directs who shall make the determination as to the penalty. Such determination shall be made by the court when a defendant is convicted by the court sitting without a jury. (*People* v. *Langdon,* 52 Cal.2d 425, 433 [3] [341 P.2d 303]; *People* v. *Dessauer,* 38 Cal.2d 547, 554 [10] [241 P.2d 238].)

Defendant's argument that he waived a jury trial without realizing its implications is also without merit. The trial court in a criminal case is not required to explain to the defendant the nature and consequence of his action in waiving a jury trial where he is, as in the present

case, represented by counsel and fails to show that either he or his counsel was misled as to the result which might occur from his waiving a jury trial. A defendant should not be allowed to waive a jury trial, take his chances before the trial court, and then when he finds himself dissatisfied with the result, be allowed to predicate error upon such a technicality or vague possibility of misunderstanding. (*People* v. *Langdon, supra,* 52 Cal.2d 425, 432 [2] et seq.)

There is nothing in the record in the present case which would indicate that defendant did not understand the nature of the waiver. In addition, he answered, when queried by the trial judge, that he understood what such a waiver meant. It is clear that his constitutional rights were not violated.

Second. *Was there sufficient evidence to sustain defendant's conviction of first degree murder?*

*Yes.* Defendant argues that he was not charged with rape or burglary and the court made no findings on these issues, and that therefore the court must have found first degree murder because of premeditation, deliberation, and malice aforethought, which, he alleges, were not present.

Defendant was charged with murder, in that he ". . . did willfully, unlawfully, feloniously and with malice aforethought murder Dora Cutting, a human being." This is the proper method of charging murder; it is not necessary to state the method or degree of the murder in the information. (*People* v. *Mendez,* 27 Cal.2d 20, 23 [2] [161 P.2d 929]; *People* v. *Superior Court,* 202 Cal. 165, 167 [1] [259 P. 943]; *People* v. *Witt,* 170 Cal. 104, 107 et seq. [148 P. 928]; *People* v. *Coffman,* 105 Cal.App.2d 164, 167 [4] [233 P.2d 117].)

Defendant concedes that there was evidence that he entered the decedent's apartment to commit rape. This being so, there was sufficient evidence to support a finding of first degree murder. It is not necessary for the trial judge to make an express finding that the murder was committed during a rape or burglary.

Section 1167 of the Penal Code reads: "When a jury trial is waived, the judge or justice before whom the trial is had shall, at the conclusion thereof, announce his findings upon the issues of fact, which shall be in substantially the form prescribed for the general verdict of a jury and shall be entered upon the minutes."

Section 1151 of the Penal Code reads: "A general verdict

upon a plea of not guilty is either 'guilty' or 'not guilty,' which imports a conviction or acquittal of the offense charged in the accusatory pleading. Upon a plea of a former conviction or acquittal of the offense charged, or upon a plea of once in jeopardy, the general verdict is either 'for the people' or 'for the defendant.' When the defendant is acquitted on the ground of a variance between the accusatory pleading and the proof, the verdict is 'not guilty by reason of variance between charge and proof.' "

Section 1157 of the Penal Code reads : ''Whenever a defendant is convicted of a crime which is distinguished into degrees, the jury, or the court if a jury trial is waived, must find the degree of the crime of which he is guilty. Upon the failure of the jury or the court to so determine, the degree of the crime of which the defendant is guilty, shall be deemed to be of the lesser degree.''

It is clear from the foregoing Penal Code sections that all the trial judge, as a trier of fact, need state, under such circumstances as existed in the present case, is that the defendant was guilty of first degree murder. No statement of facts upon which the finding of degree is based is necessary. (*People* v. *Fry,* 137 Cal.App. 525, 532 [31 P.2d 204] ; *People* v. *Barnnovich,* 16 Cal.App. 427, 432 [117 P. 572].)

 Third. *Is defendant's contention that he was not present at all stages of the proceedings tenable?*

*No.* Defendant points out that the reporter's transcript refers to a recess, and he contends that nothing thereafter shows he was present after the recess.

An examination of the reporter's transcript discloses that a recess was taken. When the recess was over, the playing of a tape began. Later, defense counsel asked for a five-minute recess. He stated, ''There is a matter I would like to discuss with the defendant and give a little thought to at this point.'' A short recess was then taken.

The clerk's transcript for this day recites : ''Deputy District Attorney Lynn Compton and the Defendant with counsel, Deputy Public Defender Hayes F. Mead, present.'' This statement, which is uncontradicted in the record, is controlling. (*People* v. *Rozelle,* 78 Cal. 84, 91 [20 P. 36].)

Also, the rule is here applicable that in the absence of a showing to the contrary, it will be presumed that the law was obeyed. (Code Civ. Proc., § 1963, subd. 33.) Article I, section 13, of the California Constitution gives a defendant the right to appear in person at his trial. It must therefore

be assumed that the law was followed and that defendant was present at all stages of the trial.

▮ Fourth. *Did the deputy district attorney commit prejudicial misconduct in his closing argument?*

*No.* During his argument to the judge on the penalty phase of the trial, the deputy district attorney referred to an incident where defendant removed the screens from the decedent's window. He then stated: "If this was a spur of the moment thing that he had gotten into a week before and if there was some rehabilitive [*sic*] potential there, I think that would have scared off the average man. He would have thought, 'Gee, I came awfully close, I now go free, I won't do it anymore.'

"But no, one week later he is back at this same building taking off screens again. He tries one apartment. Because somebody is moving around in there, he leaves that and goes to the next apartment and takes the screen off of there.

"This man has been possessed of these propensities and drives for sometime, and although we do not know that prior to this night they had manifested themselves overtly, we cannot say to ourselves, 'Oh, well, this is the first time he has ever been in trouble; so we will give him a break.' "

The deputy district attorney also stated in his argument: "But when you have a man who has manifested overtly the propensities which this defendant has manifested in the crime, the type of crime which he has committed, it is a calculated risk that I am not willing to take a gamble with the safety of other innocent persons, to send him to a prison where a board of seven men can sit down and say, 'Well, we think he is safe to be returned back out on the street,' and thereby gamble with the life of other innocent people."

Defendant contends that the deputy district attorney erred in stating that defendant had been "possessed of these propensities and drives for sometime" and that it was not proper for him to comment upon the possibility of parole.

▮ Misconduct in argument may not be assigned on the appeal if it is not assigned at the trial, unless the misconduct contributed to the verdict or was so unredeemable that nothing whatever would have cured it. (*People* v. *Rosoto, ante,* pp. 304, 357 [52] [23 Cal.Rptr. 779]; *People* v. *Berryman,* 6 Cal.2d 331, 337 [57 P.2d 136].)

▮ Defendant made no objection in the trial court to the statements of the deputy district attorney, and it is clear that they were not such as to command a reversal of the judgment in the absence of an attempt to forestall or correct them.

Furthermore, we have consistently held that it is proper to argue to the jury the possibility of parole. (*People* v. *Robillard*, 55 Cal.2d 88, 102 [20] [358 P.2d 295]; *People* v. *Turville*, 51 Cal.2d 620, 636 [21] [335 P.2d 678].)

The record discloses that defendant had a fair and impartial trial before an able trial judge. There is no error in the record.

The judgment is affirmed.

Gibson, C. J., Traynor, J., Schauer, J., Peters, J., White, J., and Tobriner, J., concurred.