[Crim. No. 14906.   Second Dist., Div. Three.   Apr. 24, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. LOUIS KEITH THARP, Defendant and Appellant.

Richard H. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Jerold A. Prod, Deputy Attorney General, for Plaintiff and Respondent.

MOSS, Acting P. J.—Defendant was charged with possession of marijuana on July 31, 1967 (count I), and on August 1, 1967 (count II), in violation of section 11530 of the Health and Safety Code, and possession of a restricted dangerous drug, seconal, in violation of section 11910 of the Health and Safety Code. The case was tried to a court upon the transcript of the preliminary hearing and additional testimony offered at trial. Defendant was found not guilty of count I and guilty of counts II and III; he was sentenced to state prison on count II for a minimum term of six months, pursuant to Penal Code section 1202b, and to county jail on count III for 60 days, the sentences to run concurrently.

On appeal defendant raises the following contentions: (1) certain evidence supporting counts II and III was inadmissible because obtained as the result of an illegal arrest or illegal search; (2) the evidence was insufficient to prove knowing possession of either drug; (3) defendant's waiver of a jury trial was ineffective; and (4) the statute prohibiting and punishing the possession of marijuana is unconstitutional as a cruel and unusual punishment, a deprivation of due process, and a denial of equal protection.

On July 31, 1967, at 11:30 a.m., Officer Roger Pida of the Los Angeles Police Department was summoned to an apartment house at 1832 Garfield. The manager of the house, Mrs. Smith, and the prospective manager, Mr. Davis, informed him that on the kitchen table of an empty apartment they had discovered a bag containing a substance which might be marijuana. The apartment had been vacated at approximately 7 a.m. that day by the registered tenant, Louis Dollar, who had been renting the apartment since July 15, and a female companion. The managers said that they had not touched or moved the bag themselves and that no other person had been in the apartment after the tenant left. Officer Pida then observed the bag on the table and noted that its contents resembled marijuana. Mrs. Smith gave him a description of Dollar and the license number and description of his automobile; this information was also recorded in a book kept by her, which she showed to Officer Pida. He then prepared a written report of this investigation and submitted the contents of the bag to police chemists for analysis.

The next day Officer Terrence Hannon received Officer Pida's report and a report from the chemist indicating that the bag contained 140 grams of marijuana. At approximately

4 o'clock that afternoon he saw an automobile fitting the description in the report and carrying the same license plate numbers. About 45 minutes later Officer Hannon saw defendant walking with two women in the direction of the car. Defendant entered the car, one of the women followed, and the second woman began to enter. Officer Hannon noted that defendant's appearance was almost ''identical'' to that of the man described in the report, except that defendant was wearing a mustache and goatee. He approached, identified himself as a police officer, and asked defendant to leave the car. Defendant gave his name as Louis Dollar, and Officer Hannon arrested him for possession of the marijuana found in the apartment. In a subsequent search of the vehicle Officer Hannon discovered, in an overnight case on the floor of the rear seat, small quantities of marijuana, seconal and other drugs. The case, which defendant claimed belonged to one of the two women, was not recognizable as belonging distinctively to a man or to a woman; and the articles in it included both masculine items, such as shaving equipment, and feminine items.

*The Arrest and Search.*

Defendant contends that the marijuana and seconal found in the overnight case were inadmissible as the product of an illegal search. The search was illegal, he claims, because it was incidental to an arrest made without probable cause and because it was general, exploratory, and unreasonable in scope.

First, defendant's claim that the arrest was not based on probable cause rests upon the argument that, because the managers were untested informants whose information had not been corroborated, the police were not entitled to rely upon their report. Defendant's argument fails to take account of the distinction between reports furnished by paid police informants, recent arrestees, or anonymous informants, who often supply information confidentially, usually for motives other than good citizenship, and those furnished by objective private citizens, who as victims or witnesses are acting openly for the purpose of aiding law enforcement. Although in the former cases it is incumbent upon the police to have tested the reliability of the informant through past experience with him or through corroboration of the essential elements of his statement (*People* v. *Gallegos,* 62 Cal.2d 176, 179-180 [41 Cal.Rptr. 590, 397 P.2d 174]; *People*

v. *Amos,* 181 Cal.App.2d 506, 508-509 [5 Cal.Rptr. 451]), in the latter cases the police may justifiably act upon the report of the informant without so testing his reliability (*People* v. *Sesser,* 269 Cal.App.2d 707, 711 [75 Cal.Rptr. 297]; *People* v. *Griffin,* 250 Cal.App.2d 545, 550-551 [58 Cal.Rptr. 707]; *People* v. *Lewis,* 240 Cal.App.2d 546, 549-551 [49 Cal.Rptr. 579]).     Thus the officers here were justified in believing the uncorroborated portions of the managers' statement to the effect that defendant had rented the room, that he and his female companion had been the last persons in the room before the marijuana was discovered, and that the bag had not been moved from its conspicuous position on the table. Knowing these facts, as well as the fact that there was, in actuality, marijuana in the room, Officer Hannon had reason to believe that defendant had been in knowing possession of the marijuana and thus to make the arrest when he observed the described person entering the described automobile.

The fact that the examining magistrate took a different view of the facts and dismissed the charge that defendant was in possession of the marijuana found in the apartment does not require, as defendant suggests, a decision by this court that Officer Hannon acted unreasonably in arresting defendant. Reasonable men might have differed as to the inferences to be drawn from the information known by Officer Hannon at the time of the arrest.

The second issue with respect to the legality of the search is whether the search was sufficiently restricted in scope to be incidental to the arrest for possession of the marijuana in the apartment or whether it was general and exploratory, not based upon a reasonable expectation that evidence relating to that crime would be found. Under the circumstances Officer Hannon could reasonably have expected to find in the overnight case additional marijuana or other evidence of trafficking in drugs which would tend to support the prosecution's case by implying that defendant was familiar with marijuana and that he, rather than one of his apparently numerous guests, had possessed the bag left in the apartment. Officer Hannon knew that a large quantity of marijuana had been left in the apartment recently vacated by defendant and that defendant had had a heavy flow of visitors while at the apartment. From these facts he could reasonably have suspected that defendant was perhaps dealing in marijuana or at least had handled marijuana more than once and that therefore additional evidence of drug

activity might be available. The fact that defendant's residency at the apartment had been transitory, implying some mobility of operation, and the fact that he had moved the previous day suggested that traces of some drug activity could be found somewhere in defendant's car. Officer Hannon's attention then properly focused upon the luggage in plain sight on the floor, since such a case would likely be used by a person in the process of moving as a container for small items such as drugs. His search of the case was reasonable, therefore, and the drugs found therein were properly admitted at trial.

In *People* v. *Tellez,* 268 Cal.App.2d 375 [73 Cal.Rptr. 892], relied upon by defendant, the defendant was arrested at his home on a charge of having sold two balloons of heroin from his car on the parking lot of a market two weeks before the arrest. We held that the search of the defendant's home was unreasonable in its scope because there was no evidence in the record that the arresting officers could reasonably have believed that the search would produce evidence material to the earlier sale. (268 Cal.App.2d at p. 379.) In this case, as we have shown, the arresting officer had reason to believe that evidence relevant to the crime for which defendant was being arrested might be found in his car.

*The Sufficiency of the Evidence of Possession.*

■ Defendant also contends that the evidence was insufficient to show that he, as opposed to one of the other occupants of the car, was in possession of the drugs found in the overnight case and to show that he had knowledge of the presence of the drugs. Although, as defendant points out, the mere presence in his car of a case containing drugs might not of itself establish that he was in knowing possession of the contraband (see *People* v. *Van Syoc,* 269 Cal.App.2d 370 [75 Cal.Rptr. 490] ; *People* v. *Bledsoe,* 75 Cal.App.2d 862 [171 P.2d 950]), in the present case there were additional facts supporting the charges. The probability that the overnight case belonged to defendant was strengthened by the fact that he had recently moved and thus might be expected to be carrying luggage, as well as by the coincidence of the fact that the case contained certain items likely to belong to a male, such as razors and aftershave lotion, and the fact that defendant was the only male in the car. This evidence was sufficient to establish at least defendant's knowing joint possession with some other person and, since exclusive posses-

sion is not a requisite element of the offenses charged here (*People* v. *Rodriguez,* 175 Cal.App.2d 56, 59 [345 P.2d 330]), was sufficient to sustain defendant's conviction.

## *The Waiver of a Jury Trial.*

██ Defendant's next claim is that his waiver of a jury trial was ineffective because he was not advised that any verdict returned by a jury would have to be unanimous. The record indicates that defendant personally, orally, and unequivocally gave his waiver after being informed by the deputy district attorney of his right to a jury trial. His counsel was present and concurred in the waiver. Under these circumstances, when defendant fails to show that either he or his counsel was misled, the waiver must be held effective. (*People* v. *Lookadoo,* 66 Cal.2d 307, 311 [57 Cal.Rptr. 608, 425 P.2d 208]; *People* v. *Langdon,* 52 Cal.2d 425, 432-433 [341 P.2d 303].) The policy considerations behind the cases relied upon by defendant, such as *Miranda* v. *Arizona,* 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974], which require that a defendant be fully apprised not only of his right to remain silent and to have assistance of counsel but also of the consequences of waiving such rights, do not apply when, as here, a defendant acts upon consultation with his attorney and in accordance with the attorney's advice.

## *The Constitutionality of the Narcotics Laws.*

Defendant finally challenges the constitutionality of section 11530 of the Health and Safety Code, which prohibits and punishes the possession of marijuana. The statute is unconstitutional, he claims, as cruel and unusual punishment because it imposes severe penalties for a relatively harmless offense and applies to persons who are medically dependent upon the drug. Defendant also argues that the statute violates the equal protection provision of the Fourteenth Amendment by making an irrational distinction between those who use alcohol and those who use marijuana. Additionally, he contends, the law represents a deprivation of due process because it unduly restricts liberty without furthering a legitimate corresponding state interest.

Defendant's claim that the statute is void because it penalizes persons who may be dependent upon the drug has already been answered by the courts of this state in cases dealing with possession of heroin, a drug commonly recognized as being more dependency-inducing than marijuana. (*People* v. *Bow-*

*ens,* 229 Cal.App.2d 590, 601 [40 Cal.Rptr. 435]; *People* v. *Zapata,* 220 Cal.App.2d 903, 905-907 [34 Cal.Rptr. 171].) His remaining contentions, all based upon the alleged unreasonableness of punishing the possession of marijuana so severely, were considered thoroughly and rejected in *People* v. *Oatis,* 264 Cal.App.2d 324, 327-334 [70 Cal.Rptr. 524], in a well-reasoned and carefully researched discussion which need not be repeated here.

The judgment is affirmed.

Schweitzer, J., and Shinn, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 18, 1969.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.