[Crim. No. 18751. Second Dist., Div. Four. Mar. 12, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
CHARLES THOMAS WEST, Defendant and Appellant.

## COUNSEL

Melvyn Douglas Sacks for Defendant and Appellant.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and Allan J. Goodman, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**DUNN, J.**—By information, defendant was charged with an assault upon Druecilla Stout on January 4, 1970 with a deadly weapon, a felony, in violation of Penal Code section 245. A nonjury trial resulted in a finding of guilt. Further proceedings were suspended and appellant was placed on five years' probation. He appeals from the order granting probation (judgment, Pen. Code, § 1237, subd. 1).

The case was submitted for the trial court's decision on the transcript of the testimony received at the preliminary hearing, upon testimony and exhibits received by the trial court under stipulation and upon testimony given by appellant at his trial. Briefly, this evidence showed that Rita Barns, former wife of defendant, was living in an apartment in Santa Monica, California, with her sister, Druecilla Stout. Defendant drove there and parked across the street where Mrs. Stout saw him and walked over to talk to him. He pointed a pistol at her and, when she turned to run back to her apartment, he fired a shot which struck the apartment house.

Defendant's sole contention is that the record fails to disclose any knowledgeable waiver of his right to a jury trial, as guaranteed by the Sixth Amendment to the United States Constitution. The record of proceedings

on the waiver and submission is footnoted.[1] This clearly shows that appellant, personally, waived a jury trial after stating that he knew what such was.

Ordinarily, when a defendant is represented by counsel, there is no need

---

[1] "MR. EPSTEIN [Deputy Public Defender]: Your Honor, at this time it is the defendant's desire to give up his right to a jury trial and ask that this hearing be heard by the Court.

"THE COURT: All right.

Take the jury waiver, please.

"MR. PHILIBOSIAN [Deputy District Attorney]: Very well.

Mr. West, do you understand you have a right to a jury trial?

"THE DEFENDANT: Yes, sir.

"MR. PHILIBOSIAN: Do you know what a jury trial is?

"THE DEFENDANT: No, I waive the right to a jury trial.

"MR. PHILIBOSIAN: Do you know what a jury trial is?

"THE DEFENDANT: Yes.

"MR. PHILIBOSIAN: Do you have any questions about your right to a jury trial?

"THE DEFENDANT: No.

"MR. PHILIBOSIAN: Do you understand that your attorney has indicated that you want to give up your right to a jury trial and have this matter tried by the Judge sitting without a jury; is that correct?

"THE DEFENDANT: Yes. I would like to explain some things to the judge.

"MR. PHILIBOSIAN: Just one moment, sir.

Do you give up your right to a jury trial?

"THE DEFENDANT: Yes.

"MR. PHILIBOSIAN: Counsel joins?

"MR. EPSTEIN: Counsel joins.

"MR. PHILIBOSIAN: People join.

Now, Mr. West, your attorney has also indicated that the procedure that you wish to follow is that the Judge will read the transcript of the preliminary hearing.

In other words, he will read the testimony of the witnesses who appeared at that hearing. Do you recall that hearing?

"THE DEFENDANT: Yes.

"MR. PHILIBOSIAN: And you recall hearing the witnesses?

"THE DEFENDANT: Yes.

"MR. PHILIBOSIAN: And, furthermore, that the Judge will listen to any further evidence that you would like to present, either by your own testimony or any other evidence.

"THE DEFENDANT: Well, I just have a story to tell, and that's all.

"MR. PHILIBOSIAN: Yes, sir.

Is it agreeable with you that the Court proceed in this manner? In other words, that we not have those witnesses present at this time?

"THE DEFENDANT: That's right.

"MR. PHILIBOSIAN: You understand you have a right to have those witnesses here?

"THE DEFENDANT: Well, I just know what they testified in the first preliminary.

"MR. PHILIBOSIAN: Do you want to give up your right to have those witnesses here?

"THE DEFENDANT: Right.

"MR. EPSTEIN: Counsel joins.

"THE COURT: All right.

"MR. PHILIBOSIAN: At this time People offer to stipulate that the Court may read and consider the transcript of the preliminary hearing with the same force and effect as if the witnesses who were there called, sworn and testified appeared here at this

for the court to inquire in order to make certain that a defendant understands the nature and consequence of a jury waiver. (*People* v. *Lookadoo* (1967) 66 Cal.2d 307, 311 [57 Cal.Rptr. 608, 425 P.2d 208]; *People* v. *Golston* (1962) 58 Cal.2d 535, 538-539 [25 Cal.Rptr. 83, 375 P.2d 51]; *People* v. *Langdon* (1959) 52 Cal.2d 425, 432 [341 P.2d 303]; *People* v. *Evans* (1970) 8 Cal.App.3d 152, 156 [87 Cal.Rptr. 315]; *People* v. *Tharp* (1969) 272 Cal.App.2d 268, 274 [78 Cal.Rptr. 412]; *People* v. *Thomas* (1969) 269 Cal.App.2d 327, 330-331 [74 Cal.Rptr. 617].) Here, however, appellant contends his "submission on the transcript" was tantamount to a plea of "guilty" as set forth in *In re Mosley*,[2] and, under such a plea, the requirements of *Boykin* v. *Alabama*,[3] as interpreted by *In re Tahl*,[4] come into play. Appellant contends the trial court erred in not fully explaining to him the nature of his right to trial by jury and the consequences of a waiver thereof; without such explanation, it is contended, no basis is found in the record for concluding his purported waiver was a knowing one or, to the contrary, was made in ignorance. We conclude that *Mosley*,[5] *Boykin* and *Tahl* are inapplicable to our facts.

The preliminary transcript contained only the testimony of the victim and her sister, appellant's former wife. Each was subjected to vigorous cross-examination at the preliminary hearing by appellant's counsel. At the trial, this was not the only evidence received, however. Further testimony was received by stipulation, as was physical evidence; following this appellant testified in his own behalf. He was entitled to offer any further evidence that he chose. His testimony, if believed, would have justified the trial court in concluding that he acted in self-defense. (*People* v. *Garcia* (1969) 275 Cal.App.2d 517 [79 Cal.Rptr. 833].)

As noted in *Mosley, supra* (at p. 927): "One point bears final emphasis. We do not hold in this case that a defendant's submission of his case to

---

hearing, were called, sworn and testified in the same manner; that all objections, motions and stipulations made at that time be deemed made at this time.

Counsel so stipulate?

"MR. EPSTEIN: So stipulated.

"MR. PHILIBOSIAN: You understand, Mr. West, what we have just done is to agree that the Court can read that transcript and consider the testimony of those people?

"THE DEFENDANT: Yes.

"MR. PHILIBOSIAN: Is that agreeable with you, sir?

"THE DEFENDANT: Yes, sir."

[2](1970) 1 Cal.3d 913 [83 Cal.Rptr. 809, 464 P.2d 473].

[3](1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709].

[4](1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].

[5]The trial took place March 12, 1970, subsequent to the Supreme Court's decision in *Mosley* (Jan. 30, 1970) which is held to have prospective effect, only, and is not retroactive. (*People* v. *Gallegos* (1971) 4 Cal.3d 242 [93 Cal.Rptr. 229, 481 P.2d 237].)

the trial court on the transcript of the preliminary examination is ipso facto tantamount to a plea of guilty. As we have pointed out (fn. 9, *ante,* and accompanying text), there are many instances in which such submission would *not* have the same practical effect as a guilty plea." Footnote 9, referred to, reads (pp. 924-925): "Reference to the facts of the particular case is necessary. We can conceive of many cases wherein submission on the transcript of the preliminary examination would in no way have the practical effect of a guilty plea. Purely by way of example and without intending any limitation, we include among these the following: (1) a case wherein the preliminary examination involved substantial cross-examination of prosecution witnesses and the presentation of defense evidence, and (2) a case wherein the facts revealed at the preliminary examination are essentially undisputed but counsel seeks to make an argument to the court as to the legal significance to be accorded them."

The situation in our own case, as herein outlined, does not disclose either submission on the transcript, alone, or that the procedure followed was tantamount to a plea of "guilty." (See: *People* v. *Hobbs* (1970) 10 Cal. App.3d 831 [89 Cal.Rptr. 123].) Defendant personally responded to the court's inquiries at the time of waiver of jury trial.

Under these circumstances, we conclude there was no error.

The judgment is affirmed.

Kingsley, Acting P. J., and Irwin, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.