BROUSSARD, J.
I concur in the judgment. I dissent from the majority’s determinations that Penal Code section 190.4 [1] does not require pleading and proof of the underlying felony when the prosecution seeks to establish a special circumstance based on the felony and that felonies barred by the statute of limitations may be proved as special circumstances.
The language of section 190.4 is clear and unambiguous in requiring pleading and proof of the underlying felony, and numerous cases of this court have so recognized and held. The suggestion that “charged and proved” as used in section 190.4 means something other than “pleaded and proved” sufficient for conviction strains credulity. We should give the Legislature which first used the language in the 1977 death penalty law and the voters who employed the term in the 1978 law credit for understanding the plain meaning of those terms. Although, as the majority point out, a statute should not be interpreted in a manner that would lead to absurd results, application of the plain language of the section does not result in absurd results but reflects legitimate concerns.
Section 190.2 provides for the penalty of death or life imprisonment without possibility of parole for a defendant guilty of first degree murder where one or more special circumstances have been “charged and specially found.” That section enumerates 19 special circumstances, with special circumstance number 17 enumerating 9 felonies. Section 190.4 provides in part: “Whenever a special circumstance requires proof of the commission or attempted commission of a crime, such crime shall be charged and proved pursuant to the general law applying to the trial and conviction of the crime.”
Section 190.2 requires the pleading and proof of any special circumstance. Section 190,4 imposes an additional requirement applicable only to special circumstances involving proof of a crime, special circumstance number 17. The section 190.4 requirement is obviously a requirement imposed in addition to the requirement of section 190.2. It would be unreasonable to conclude that the section 190.4 requirement which applies only to a felony special circumstance and not to the other special circumstances was the *43 same as the section 190.2 requirement. Yet that is the result of the majority’s analysis.
The most basic principle of statutory construction is that courts must give effect to statutes according to the ordinary import of the language used in framing them. (E.g., California Teachers Assn. v. San Diego Community College Dist. (1981) 28 Cal.3d 692, 698 [170 Cal.Rptr. 817, 621 P.2d 856]; Moyer v. Workmen’s Comp. Appeals Bd. (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224]; In re Alpine (1928) 203 Cal. 731, 737 [265 P. 947, 58 A.L.R. 1500].) “If possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose.” (Select Base Materials v. Board of Equal. (1959) 51 Cal.2d 640, 645 [335 P.2d 672]; Moyer v. Workmen’s Comp. Appeals Bd., supra, 10 Cal.3d at p. 230.)
Two recent cases of our court have pointed out that the “literal” meaning of the language quoted above from section 190.4 is that the felony used to charge a special circumstance must be alleged as a separate crime. (People v. Velasquez (1980) 26 Cal.3d 425, 434, fn. 6 [162 Cal.Rptr. 306, 606 P.2d 341]; People v. Robertson (1982) 33 Cal.3d 21, 47 [188 Cal.Rptr. 77, 655 P.2d 279].) Three other cases, while not using the word “literal,” have also concluded that the section 190.4 language required pleading of the underlying felony. And those cases require proof of the underlying felony warranting conviction in accordance with the general law of our state. (People v. McDonald (1984) 37 Cal.3d 351, 378-379 [208 Cal.Rptr. 236, 690 P.2d 709, 46 A.L.R.4th 1011]; People v. Mattson (1984) 37 Cal.3d 85, 93-94 [207 Cal.Rptr. 278, 688 P.2d 887]; People v. Green (1980) 27 Cal.3d 1, 52, 74 [164 Cal.Rptr. 1, 609 P.2d 468].)
The majority argue that “charged” in section 190.4 does not mean a formal charge of a substantive offense pointing out that with respect to enhancements a requirement to charge and prove does not mean a separate count charging the enhancement but merely means that the enhancement be alleged and proved in connection with the charge of murder. However, enhancements are not crimes. Charged and proved in connection with a crime means a separate charge and proof satisfactory to warrant conviction of the felony. Moreover, the requirement of charging and proving the felony is a requirement of charge and proof in addition to that applicable to the felony special circumstance and the other 18 special circumstances which must be alleged and proved as special circumstances under section 190.2. The conclusion is inescapable that the Legislature in enacting section 190.4 and the electorate in including the crucial language in the initiative intended a requirement for the felony special circumstance in addition to that applicable to the 19 special circumstances generally.
*44 The majority next urge that “charged” should be interpreted as “accused” (maj. opn. at p. 16), but this is not helpful because the provision in question is “charged . . . pursuant to the general law applying to the trial and conviction of the crime.” Under our general law, the method by which a person is accused of a crime is by pleading that the person is guilty of the crime.
The suggested interpretation of the crucial language renders it meaningless. The majority state that the purpose of the provision in section 190.4 was to impose an express notice requirement and to require that the felony be proved beyond a reasonable doubt pursuant to the general law. (Maj. opn. at p. 17.) The plain implication is that, without the special provision in section 190.4, no notice or pleading would be required as to the felony and that the notice is not required as to the other 18 special circumstances or that they need not be proved beyond a reasonable doubt in accordance with the general law. Section 190.2 requires pleading and finding as to all special circumstances, including felony special circumstances, and the net effect of the majority analysis is to render meaningless the quoted provision of section 190.4 imposing a special, additional requirement for the felony-murder special circumstance.
The majority repudiate Velasquez, supra, 26 Cal.3d 425, Robertson, supra, 33 Cal.3d 21, Mattson, supra, 37 Cal.3d 85, Green, supra, 27 Cal.3d 1, and McDonald, supra, 37 Cal.3d 351, on the ground that in each of the cases the court could have reached the same results without determining whether a separate charge of the felony was required by section 190.4. However, the fact is that in each case the justices obviously predicated their decision on the plain meaning of the section 190.4 provision. We should not rewrite the decisions or suggest that the justices might have done something which they did not do. Moreover, in rejecting the decisions on the basis of this reasoning, the majority opinion writes its own epitaph. In the instant case, the majority properly conclude that the evidence is insufficient to establish the felony. It is thus unnecessary to reach the pleading or statute of limitations issues. Future cases should give to the instant opinion the same weight it gives to the five repudiated ones.
It is true that in determining legislative intent a statute should not be interpreted in a manner that would lead to absurd results. (People v. Barksdale (1972) 8 Cal.3d 320, 334 [105 Cal.Rptr. 1, 503 P.2d 257].) Giving effect to the plain meaning of the section 190.4 provision does not cause anomalous or absurd results. Rather, the specific requirements of pleading and proof serve a number of valid purposes. The special felony pleading requirement will often mean that a defendant is entitled in a proper case to instructions on lesser included offenses. (See People v. Ramkeesoon (1985) 39 *45 Cal.3d 346, 351 [216 Cal.Rptr. 455, 702 P.2d 613].) The state has a legitimate interest in not forcing the jury to make the choice between conviction and acquittal of the felony when the jury is of the view that the defendant is guilty of an offense but not the felony charged. (Ibid.) Similarly, the effect of requiring proof of the felony pursuant to the general law means that the corpus delicti rule applies to the proof of the felony special circumstance. (People v. Mattson, supra, 37 Cal.3d 85, 93-94.) Indeed, as Mattson points out, the corpus delicti rule does not apply to the felony when used to establish first degree felony murder (People v. Cantrell (1973) 8 Cal.3d 672, 680-681 [105 Cal.Rptr. 792, 504 P.2d 1256]), but it is applicable to proof of the special circumstance felony because of the section 190.4 provision. (37 Cal.3d at pp. 93-94.)
The issue before us also provides a legitimate concern. The Legislature has provided that after the limitations period a robber may not be prosecuted for his crime. It is reasonable to conclude that even though murder has no statute of limitations, a robbery barred by the statute of limitations, which cannot be punished, should not be used to add to the punishment for murder. In California, the statute of limitations is a jurisdictional defense, and a conviction for an offense barred by the statute of limitations is invalid whether or not the delay in prosecution has resulted in prejudice. Even a conviction based on a guilty plea will be set aside, and habeas corpus is available. (People v. Zamora (1976) 18 Cal.3d 538, 546-547 [134 Cal.Rptr. 784, 557 P.2d 75].) Statutes of limitations are based on a number of policy considerations, not only the reliability of evidence but including the possibility of self-reformation, society’s impulse for retribution, encouragement of swift and effective law enforcement, and the fear that a never-ending threat of prosecution may be more detrimental to the functioning of a civilized society than it is beneficial. (Ibid.)
The majority also rely on the asserted “well settled” rule that the statute of limitations applicable to the underlying felony is immaterial to the charge and conviction of felony. They argue that it would be anomalous to apply the felony statute of limitations to special circumstances. However, there is no greater anomaly in applying the statute of limitations to prevent a punishment for a crime in the instant case than there is in any other case. It is entirely reasonable for the Legislature to conclude that a crime which cannot itself be punished because of the statute of limitations should not be used as a basis for infliction of death or life imprisonment without possibility of parole.
Furthermore, the majority argument suffers from other defects. First, there is no “well settled” rule that a felony barred by the statute of limitations may be used to establish first degree murder under the felony-murder *46 rule. The two cases cited by the majority (People v. Risenhoover (1968) 70 Cal.2d 39, 49-50 [73 Cal.Rptr. 533, 447 P.2d 925]; People v. Terry (1969) 70 Cal.2d 410, 422-423 [77 Cal.Rptr. 460, 454 P.2d 36]) merely establish that a general charge of murder permits conviction on a felony-murder theory, that when the charge is filed within the statutory period for charging the felony the fact that the statutory period may have expired prior to trial does not prevent proof of the felony, and that when the felony is collateral to the murder it is admissible.
In Risenhoover, supra, 70 Cal.2d 39, 49-50, the defendant was arrested for murder the day after the homicide and was charged shortly thereafter. However, he was found presently insane and committed to a hospital, and after he was returned and stood trial, the trial court set aside his conviction by granting a motion for new trial. At the second trial, the prosecutor asked prospective jurors whether they could follow instructions on the felony-murder rule, and defendant objected on the ground that all felonies other than murder were barred by the statute of limitations. (Id. at p. 49.) The objection was overruled, and in holding there was no error this court stated: “[T]he information charged defendant with murder, and it was unnecessary for the information to state the method or the degree of the murder. (People v. Golston, 58 Cal.2d 535, 539 [25 Cal.Rptr. 83, 375 P.2d 51]; People v. Mendez, 27 Cal.2d 20, 23-24 [161 P.2d 929].) That the statute of limitations may have run on all crimes except the murder is immaterial here.” (70 Cal.2d at p. 50.) It seems clear that the court was holding that the statute was immaterial because the complaint was filed within the statutory period and the complaint effectively charged felony murder, which, of course, tolled the statute.
In Terry, there were five trials, and the court pointed out that at the most recent trial he was in no worse position than any defendant “properly charged with a crime within the period set by the statute of limitations, but not brought to trial until some later time because of a series of successful appeals.” (70 Cal.2d at p. 423, italics added.) On this ground of decision, the case is the same as Risenhoover, supra, 70 Cal.2d 29. As an alternate ground of decision, the court held that evidence of a robbery committed more than a year prior to the murder which may have furnished a motive for the murder was admissible as a collateral matter at the penalty trial, pointing out: “Such evidence is not introduced in order to impose a penalty for those prior acts, but rather as evidence ‘of the circumstances surrounding the crime [of murder], . . .’ ” (70 Cal.2d at p. 422.) The discussion of this point in Terry, if anything, supports the view that a felony barred by the statute of limitations may not be used as a special circumstance because a felony proved as a special circumstance is a condition to the additional penalty of death or life imprisonment without possibility of parole. In any event Terry *47 does not establish a “well settled” rule that the felony statute of limitations is immaterial to first degree felony murder when the complaint charging murder is filed after expiration of the statutory period for the felony.
Second, even assuming that there were a “settled rule” that felonies barred by the statute of limitations may be used to establish the degree of a murder, it does not follow that the same rule should apply where a felony is charged as a special circumstance. As we have seen, the parallelism argument was rejected in People v. Mattson, supra, 37 Cal.3d 85, 93-94 involving the corpus delicti rule, and People v. Terry, supra, 70 Cal.2d 410, 422-423, suggests that different rules are applicable when the felony is used in order to impose a penalty rather than as circumstances surrounding the crime of murder. We have also seen that the felony need not be pleaded to prove first degree felony murder but that it must be pleaded to establish a special circumstance.[2] The strongest reason why parallelism is entitled to little weight may be the difference in the felonies enumerated in the felony-murder provision of section 189 and those enumerated in the special circumstance statute, section 190.2. The latter section enumerates four felonies not found in the former. If we were to achieve parallelism, we would have to rewrite one of the two statutes or both.
The language of the statute is clear. Section 190.4 provides: “Whenever a special circumstance requires proof of the commission or attempted commission of a crime, such crime shall be charged and proved pursuant to the general law applying to the trial and conviction of the crime.” This special provision applying only to the felony special circumstance can only reasonably be interpreted as requiring that the felony be pleaded, and proved, with a conviction. The majority’s arguments that the words should be given a different meaning deprives them of any meaning. And the claim of anomalous results also fails. In the instant case, it is unnecessary to reach the issue of the meaning of the language of the section because in any event the evidence is insufficient to prove a robbery. I would prefer that the discussion of the issue be deleted, but since it is not, I must dissent from the majority’s resolution of it.
Appellant’s petition for a rehearing was denied September 1, 1988. Arguelles, J., and Eagleson, J., did not participate therein.

 All statutory references are to the Penal code.

 The issue before us is not whether the felony must be pleaded—it obviously must be pleaded as a special circumstance; the issue is whether it must in addition be pleaded as a separate crime.