[No. F066467. Fifth Dist. Oct. 6, 2014.]

THE PEOPLE, Plaintiff and Respondent, v.
VEDGREN DEPATRICK JONES, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, only the Introduction, part I of the Discussion, and the Disposition are certified for publication.

[redacted]

## Counsel

Athena Shudde, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Wanda Hill Rouzan, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**DETJEN, J.—**

## INTRODUCTION

Vedgren Depatrick Jones (defendant) stands convicted, following a jury trial, of first degree murder (Pen. Code,[1] § 187, subd. (a); count 1) and second degree robbery (§ 211; count 2). He was sentenced to a total unstayed term of 25 years to life in prison, and ordered to pay restitution and various fees, fines, and assessments. In the published portion of this opinion, we hold that a verdict finding defendant "Guilty of violation of section 187(a) of the Penal Code, a felony, first degree murder . . . , as charged in . . . the information" (boldface & some capitalization omitted) satisfies the requirement that the jury expressly find the degree of the crime even though the information charged generic murder without specifying the degree. In the unpublished portion of this opinion, we conclude the trial court did not abuse its discretion when it did not suspend jury deliberations. Accordingly, we affirm the judgment.

## FACTS

### I, II*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[1] All statutory references are to the Penal Code.

*See footnote, *ante*, page 373.

## DISCUSSION

### I

#### THE JURY'S VERDICT SATISFIES THE REQUIREMENT OF SECTION 1157.

Count 1 of the information charged that "the crime of MURDER, in violation of PENAL CODE SECTION 187(a), a felony, was committed by [defendant], who did unlawfully, and with malice aforethought murder" Clifford Byrn. The prosecutor presented two theories of first degree murder to the jury (robbery felony murder and premeditation) and jurors were instructed on both, as well as on second degree murder, voluntary manslaughter based on heat of passion and imperfect self-defense, and justifiable homicide based on self-defense. Jurors returned a verdict finding defendant "**Guilty** of VIOLATION OF SECTION 187(a) OF THE PENAL CODE, a felony, FIRST DEGREE MURDER . . . , as charged in Count One of the Information filed herein."

Defendant now contends that, because the information was silent as to degree and the jury was not asked to return, and did not return, any specific finding on the truth of either theory of first degree murder, the language of the verdict form, read in conjunction with the information, "demonstrates the jury failed to determine the degree of the crime as required by section 1157. Therefore, the verdict must be fixed as murder in the second degree." We disagree.[8]

"[A]n information charging murder in violation of section 187 is sufficient to support a first degree murder conviction. [Citations.]" (*People v. Harris* (2008) 43 Cal.4th 1269, 1294 [78 Cal.Rptr.3d 295, 185 P.3d 727].) Jurors need not unanimously agree on a theory of first degree murder (*People v. Kipp* (2001) 26 Cal.4th 1100, 1132 [113 Cal.Rptr.2d 27, 33 P.3d 450]), although they must unanimously find the degree of the crime (see *People v. Thomas* (2012) 53 Cal.4th 771, 815–816 [137 Cal.Rptr.3d 533, 269 P.3d 1109]).

Section 1157 states: "Whenever a defendant is convicted of a crime . . . which is distinguished into degrees, the jury . . . must find the degree of the

---

[8] Defendant did not object to the wording of the verdict forms or otherwise raise the issue in the trial court. Nevertheless, the Attorney General does not claim the issue has been forfeited for purposes of appeal. We assume the issue is properly before us. (See *In re Birdwell* (1996) 50 Cal.App.4th 926, 930–931 [58 Cal.Rptr.2d 244], and cases cited.)

crime . . . of which he is guilty. Upon the failure of the jury . . . to so determine, the degree of the crime . . . of which the defendant is guilty, shall be deemed to be of the lesser degree."[9]

■ "Section 1157 applies 'whenever the jury neglects to explicitly specify the degree of the crime' in the verdict form [citation]." (*People v. San Nicolas* (2004) 34 Cal.4th 614, 634 [21 Cal.Rptr.3d 612, 101 P.3d 509]; accord, *People v. McDonald* (1984) 37 Cal.3d 351, 381 [208 Cal.Rptr. 236, 690 P.2d 709], overruled in part by *People v. Mendoza* (2000) 23 Cal.4th 896, 910, 914 [98 Cal.Rptr.2d 431, 4 P.3d 265] [§ 1157 does not apply where trial court instructs jury only on first degree felony murder and to find defendant either not guilty or guilty of first degree murder; where only crime of which defendant may be convicted is first degree murder, question of degree is not before jury].) "Courts have consistently applied sections 1157 and 1192 strictly and literally in favor of defendants, so much so that 'on this point, form triumphs over substance, and the law is traduced.' [Citations.]" (*People v. Williams* (1984) 157 Cal.App.3d 145, 153 [203 Cal.Rptr. 562]; accord, *People v. Goodwin* (1988) 202 Cal.App.3d 940, 946 [249 Cal.Rptr. 430].)

Section 1157's requirement that the degree be specified "may be satisfied in two ways: (1) by a finding that specifically refers to the degree of the crime by its statutory numerical designation; and (2) by findings that encompass the statutory factual predicates of the degree of the crime. [Citation.]" (*In re C.R.* (2008) 168 Cal.App.4th 1387, 1391 [86 Cal.Rptr.3d 335].) In the present case, the jury's verdict explicitly specified a finding of first degree murder. Section 1157's requirement thus was satisfied.

That the verdict referred to the crime "as charged in . . . the Information," and the information merely charged generic murder without specifying the degree thereof, does not change this, nor does the fact there was no separate finding as to degree. (Cf. *People v. Nunez and Satele* (2013) 57 Cal.4th 1, 50 [158 Cal.Rptr.3d 585, 302 P.3d 981] [§ 1157 not implicated where verdict found defendant guilty of willful, deliberate, premeditated murder, in violation of § 187, as such finding was equivalent to finding of first degree murder]; *People v. San Nicolas, supra,* 34 Cal.4th at pp. 634–635 [§ 1157 not implicated where verdict stated jury found defendant guilty of murder in violation of § 187, as charged in information, and further found defendant acted willfully, deliberately, and with premeditation]; *People v. Golston* (1962)

---

[9] Section 1192, the counterpart of section 1157, requires the court to determine the degree of the crime before passing sentence in cases of court trial or guilty plea.

58 Cal.2d 535, 539–540 [25 Cal.Rptr. 83, 375 P.2d 51] [where information charged generic murder, without reference to degree, § 1157 satisfied where trial judge, as trier of fact, stated defendant was guilty of first degree murder].) This was not a situation where, for instance, the jury's verdict used a descriptive label rather than specifying the degree by number, and so resort to the charging language of the information was needed, or at least helpful. (Cf. *People v. Goodwin, supra*, 202 Cal.App.3d at p. 947 [degree sufficiently specified where verdict form found defendant guilty of residential burglary as charged in information, and information alleged burglary of inhabited dwelling, which necessarily constituted first degree burglary].) It was also not a situation where the verdict simply stated defendant was found guilty of murder as charged in the information (cf. *People v. Williams, supra*, 157 Cal.App.3d at pp. 154–155 [first degree murder verdict modified to second degree where court found defendant guilty as charged in information, and information merely alleged defendant committed murder with malice aforethought in violation of § 187, without reference to degree]) or where no degree was explicitly stated in the verdict and the degree had to be inferred from a special circumstance or other finding also made by the jury (cf. *People v. Bonillas* (1989) 48 Cal.3d 757, 769, fn. 4 [257 Cal.Rptr. 895, 771 P.2d 844] [§ 1157 requires express finding of degree, even where finding of first degree murder can be implied from jury's true finding as to special circumstance]; *People v. McDonald, supra*, 37 Cal.3d at pp. 379–380, 382 [same]).

█ By enacting section 1157, "[t]he Legislature has required an express finding on the degree of the crime to protect the defendant from the risk that the degree of the crime could be increased after the judgment. [Citations.]" (*People v. Goodwin, supra*, 202 Cal.App.3d at p. 947.) There is no such danger here. Defendant nevertheless argues the verdict form "presents a legal impossibility—a verdict stating first degree murder based on an information silent as to the degree." Combining the degree stated in the verdict with the information it incorporates "creates an incongruity and a legal impossibility," he says, and makes the verdict "unclear," thereby bringing section 1157 into play. Again, we disagree.

█ Section 1157 requires that the jury find the degree of the crime and explicitly specify that degree in the verdict form. The verdict here expressly states a finding of first degree murder. " ' "A verdict is to be given a reasonable intendment and be construed in light of the issues submitted to

the jury and the instructions of the court." [Citations.]' [Citations.] 'The form of a verdict is immaterial provided the intention to convict of the crime charged is unmistakably expressed. [Citation.]' [Citation.] '[T]echnical defects in a verdict may be disregarded if the jury's intent to convict of a specified offense within the charges is unmistakably clear, and the accused's substantial rights suffered no prejudice. [Citations.]' [Citation.]" (*People v. Jones* (1997) 58 Cal.App.4th 693, 710–711 [68 Cal.Rptr.2d 506]; accord, *People v. Jones* (2003) 29 Cal.4th 1229, 1259 [131 Cal.Rptr.2d 468, 64 P.3d 762].)

Here, the jury's intent to convict defendant of first degree murder is unmistakably clear. With respect to count 1, jurors were instructed they would be given verdict forms for guilty of first degree murder, guilty of second degree murder, guilty of voluntary manslaughter, and not guilty. They were told they had to all agree on the decision to return a verdict of guilty or not guilty, to complete and sign only one verdict form per count, and to return the unused verdict forms unsigned. As for count 1, they were expressly told that if they all agreed the People had proved defendant was guilty of first degree murder, they were to complete and sign that verdict form, and were not to complete or sign any other verdict form. They were further told their verdict on each count had to be unanimous.

As to count 1, jurors completed and signed only the verdict form for first degree murder. The remaining verdict forms were returned unsigned. When defendant requested that the jurors be polled, the verdict form specifying first degree murder was read to them, and each affirmed it was his or her verdict.

 Under the circumstances, the verdict form's reference to the information created no fatal uncertainty or ambiguity, and did not result in a legal impossibility. Because the degree of the crime was explicitly stated, defendant's substantial rights were not prejudiced. Defendant is not entitled to have the conviction reduced to second degree murder.

## II

### THE TRIAL COURT RESPONDED APPROPRIATELY TO THE PROSECUTOR'S MISSTATEMENT OF THE LAW.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 373.

## DISPOSITION

The judgment is affirmed.

Hill, P. J., and Levy, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 17, 2014, S222487.