Filed 11/17/22  P. v. Cortez CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B315406 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA104924) |
| v. | |
| JUAN ALEJANDRO CORTEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Thomas C. Falls, Judge.  Reversed.

Richard B. Lennon and Olivia Meme, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Daniel C. Chang and William H. Shin, Deputy Attorneys General, for Plaintiff and Respondent.

## I. INTRODUCTION

Defendant and appellant Juan Cortez appeals from the trial court's denial of his petition to vacate his murder conviction pursuant to former section Penal Code section 1170.95[1] (now § 1172.6)[2]. Although the court found that defendant was eligible for relief under section 1172.6, rather than vacate defendant's murder conviction, it redesignated his first degree murder conviction as one for second degree murder and resentenced him accordingly. We reverse and remand for resentencing.

## II. BACKGROUND

A jury convicted defendant and codefendant Michael Castiblanco[3] of first degree murder (§ 187, subd. (a); count 1) and second degree robbery (§ 211; count 2). At trial, the Los Angeles County District Attorney (District Attorney) argued to the jury that defendant was guilty as an aider and abettor or co-conspirator either under the felony murder rule or the natural and probable consequences doctrine. The jury found true the special circumstance allegation that the murder was committed while defendant was engaged in the commission of a robbery (§ 190.2, subd. (a)(17)(A)) and the allegation that a principal was

---

[1] All further statutory references are to the Penal Code.

[2] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10). We will refer to filings under section 1170.95 as having been filed under section 1172.6.

[3] Castiblanco is not a party to this appeal.

armed with a firearm during the commission of the offenses
(§ 12022, subd. (a)(1)). The trial court sentenced defendant to a
term of life in prison without the possibility of parole for his
murder conviction plus one year for the firearm enhancement.
Sentence on the robbery conviction was stayed under section 654.
(*People v. Castiblanco et al.* (Jan. 24, 2019, B284319) [nonpub.
opn.].)

On direct appeal, a prior panel of this division reversed the
jury's special circumstance finding, holding there was insufficient
evidence that defendant's participation in the robbery
demonstrated a reckless indifference to human life. The panel
otherwise affirmed defendant's judgment and remanded the
matter for resentencing. (*People v. Castiblanco et al., supra*,
B284319.)

On April 19, 2019, prior to the resentencing hearing
pursuant to the remittitur, Castiblanco filed a section 1172.6
petition for resentencing.

On October 3, 2019, pursuant to the remittitur, the trial
court resentenced defendant on his count 1 murder conviction to
25 years to life plus one year for the firearm enhancement. The
court did not make any changes to the sentence for defendant's
count 2 second degree robbery conviction.

On December 3, 2019, Castiblanco filed a supplemental
section 1172.6 petition for resentencing. On January 7, 2020, the
District Attorney filed an opposition to the petition.[4] On
February 27, 2020, Castiblanco filed a reply.

On May 15, 2020, defendant filed a section 1172.6 petition.

---

[4]     The District Attorney's treated Castiblanco's petition as if
it was also filed by Cortez.

3

On March 1, 2021, the trial court held a hearing and found that defendant had demonstrated a prima facie case for relief and issued an order to show cause. The court set the matter for a hearing on April 23, 2021.

On April 23, 2021, the District Attorney filed a supplemental brief informing the trial court that he no longer opposed defendant's section 1172.6 petition. The District Attorney requested that defendant be resentenced to the upper term of five years for the underlying target offense of second degree robbery on count 1 pursuant to section 1172.6, subdivision (e); plus one year for the firearm enhancement; plus one year for the second degree robbery conviction in count 2.

At the April 23, 2021, hearing, the trial court rejected the District Attorney's concession, and instead proceeded on the District Attorney's original opposition to defendant's section 1172.6 petition. The court heard the parties' arguments on the order to show cause, allowed the parties to file additional supplemental briefs, and took the matter under submission. On June 11, 2021, defendant filed a supplemental brief.

On August 10, 2021, the trial court issued a memorandum of decision. It found "[t]he target offense against [defendant] is murder, not first[ ]degree murder, just murder." The court further found that defendant was guilty of second degree murder beyond a reasonable doubt. Accordingly, it denied defendant's petition to vacate his murder conviction and set the matter for resentencing on the target offense of second degree murder.

On September 1, 2021, the trial court "reduce[d]" defendant's first degree murder conviction on count 1 to second degree murder. The court sentenced defendant to an aggregate term of 21 years to life comprised of 15 years to life plus a

4

consecutive one-year term for the firearm enhancement on count 1 and a consecutive five-year term for second degree robbery on count 2.[5]

## III. DISCUSSION

"Senate Bill [No.] 1437 [(Senate Bill 1437)] was enacted to 'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).) Substantively, Senate Bill 1437 accomplishes this by amending section 188, which defines malice, and section 189, which defines the degrees of murder, and as now amended, addresses felony murder liability. Senate Bill 1437 also adds . . . section 1170.95 [now section 1172.6], which allows those 'convicted of felony murder or murder under a natural and probable consequences theory . . . [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts . . . .' (§ 1170.95, subd. (a) [now § 1172.6, subd. (a)].)

"An offender may file a petition under section 1170.95 [now § 1172.6] where all three of the following conditions are met: '(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable

---

[5] The court did not impose or stay the one-year firearm enhancement on count 2.

consequences doctrine[;] [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;] [¶] [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to [s]ection[s] 188 or 189 made effective January 1, 2019.' (§ 1170.95, subd. (a)(1)–(3) [now § 1172.6, subd. (a)(1)–(3)].)" (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723.)

When a petitioner makes a prima facie showing that he is entitled to section 1172.6 relief, the trial court is required to issue an order to show cause. (§ 1172.6, subd. (c).) Within 60 days of issuing the order to show cause, the court is required to hold a hearing to determine whether to vacate the petitioner's murder conviction. (§ 1172.6, subd. (d)(1).) "The parties may waive a resentencing hearing and stipulate that the petitioner is eligible to have the murder . . . conviction vacated and to be resentenced. *If there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner.*" (§ 1172.6, subd. (d)(2), italics added; *People v. Ramirez* (2019) 41 Cal.App.5th 923, 932 (*Ramirez*) [when there is a prior court of appeal finding that the defendant was not a major participant in the underlying felony and did not act with reckless indifference to human life, subdivision (d)(2) requires a trial court to proceed directly to resentencing].)

Under section 1172.6, subdivision (e), a "petitioner's conviction shall be redesignated as the target offense or underlying felony for resentencing purposes if the petitioner is

entitled to relief pursuant to this section, murder . . . was charged generically, and the target offense was not charged."[6] Subdivision (e) permits a petitioner to "be resentenced for a 'target offense' or an 'underlying felony' that was not originally charged." (*People v. Silva* (2021) 72 Cal.App.5th 505, 517.)

In its prior opinion in this case, the panel found there was insufficient evidence that defendant's participation in the robbery demonstrated a reckless indifference to human life. (*People v. Castiblanco et al., supra*, B284319.) That finding required the trial court to vacate defendant's murder conviction and resentence him on the underlying felony of robbery. (§ 1172.6, subd. (d)(2); *Ramirez, supra*, 41 Cal.App.5th at p. 932.) Instead, the court held a hearing pursuant to section 1172.6, subdivision (d)(3) and resentenced defendant to second degree murder. Defendant contends the court erred.

The Attorney General concedes that the information charged defendant generically with murder and that the trial court erred. We agree with the parties and reverse the court's order redesignating count 1 as a second degree murder conviction and remand the matter for the court to redesignate count 1 as a conviction for the underlying offense of second degree robbery and resentence defendant accordingly. (§ 1172.6, subd. (e).)

---

[6] "Generic murder" refers to a murder charge that does not specify a degree. (See *People v. Jones* (2014) 230 Cal.App.4th 373, 377.)

7

## IV. DISPOSITION

The trial court's order redesignating defendant's count 1 conviction as a second degree murder conviction is reversed. The matter is remanded for the court to redesignate defendant's count 1 conviction as a conviction for the underlying offense of second degree robbery and to resentence defendant on his robbery convictions and the firearm enhancements.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

RUBIN, P. J.

MOOR, J.

8